## H. M. EHRMAN ET AL. *v.* GRACE HOSKINS.

WILL. *Evidence to show mistake.*

Where the owner of several lots devises one of them by an accurate description, parol evidence is incompetent to show that he intended to devise a different lot, and that by mistake the wrong lot was described.

FROM the circuit court of Warren county.

HON. RALPH NORTH, Judge.

One H. L. Bond in his lifetime owned three lots in the city of Vicksburg. One of these he purchased from Uriah French, and another adjoining it he bought from Martha Knox.

By the will of said Bond, executed in 1886, the last mentioned lot was devised to appellee, Grace Hoskins. The clause of the will containing the devise is as follows : " I give and bequeath unto Grace Hoskins, for her use and benefit, for her natural life, all that certain tract or parcel of land, with the hereditaments thereunto belonging, or in anywise appertaining, situate in said City of Vicksburg, and more particularly described as follows, to wit : that part of lot 56 in square 11 of the original plat of Vicksburg, commencing at the southeast corner of said lot on Munroe street, and running thence north along said street twenty feet and ten and one-half inches ; thence east ninety-five feet ; thence south twenty feet ten and one-half inches ; thence west ninety-five feet to the place of beginning, it being the property originally deeded to Henry L. Bond by Martha Knox, and recorded in book F. F., page 409, of the records of Warren county, Mississippi."

In another and following clause of the will, the testator gave to said appellee for her life, " all the household and kitchen furniture now contained in or on the foregoing premises," and by still another clause provided, " that she shall not be disturbed by any person in the peaceful possession of her present home by this will devised."

It was admitted that the appellee lived in the house with the testator at the time of the execution of the will and at his death, and that the house was so constructed, that the greater part of

it was on the lot bought from French, although a part or wing extended on the lot bought from Martha Knox, but that appellee occupied a room of the house on the French lot. Appellants claimed title to the last mentioned lot under deed from the heirs of H. L. Bond, and have instituted this ejectment suit against appellee, who after the death of Bond remained in the house and in control and possession of the French lot.

The cause was tried by consent before the court without the intervention of a jury, and evidence was permitted to be introduced by the defendant for the purpose of showing that the real intention of the testator was to devise to appellee the French lot, and that by mistake of the person who wrote the will for the testator the wrong lot was described. The writer of the will testified that he was called in by the testator into his house to prepare his will and was told to provide that Grace Hoskins should have the home, saying at the time "I want to give her this home as long as she lives." And when asked as to the description of the lot the testator told the witness to get it from the record office, as it was the same lot he had bought from Martha Knox. The description was obtained by the witness and the will prepared, and after being read to the testator was executed.

The judgment of the court was in favor of the defendant, and plaintiffs appeal.

*L. W. Magruder*, for appellants.

The devise was specific and only embraced the Martha Knox lot. The words "her present home by this will devised" were not used or intended to specify or designate property. If construed in connection with its intent and in the light of the connection in which it appears, the words would read "her home by this will presently devised." Such indefinite words could not prevail over a specific description, especially when the will designates the lot devised as the lot bought from Martha Knox, as well as by proper metes and bounds.

It is well settled that the scrivener cannot be heard to testify as to what the testator said and directed as to the framing of his will.

The will must speak for itself. But even if the evidence were admissible, the testimony is far from clear that there was any mistake.

*Gibson & Bien,* for appellee.

The clear intention of the testator is deduced from the face of the will itself. Appellee was given the house where the furniture was situated, and this was on the French lot, and the will further reiterated that she should never be disturbed " in the possession of her present home by this will devised." The proof is clear that she then occupied as a home 'the lot in controversy, and the furniture was all in her home. The clauses of the will are inconsistent, and certainly evidence of intention is admissible to determine which of two persons or things was intended under an equivocal description. Schouler on Wills, § 573 ; 2 Wharton on Evidence, § 996. It is evident that the whole object of the testator was to give appellee a home for her life, and that he meant to devise the lot containing the home.

As evidence must be introduced to correct the error as to the starting point, it is competent by the same evidence to show that the whole description by metes and bounds is a mistake.

CAMPBELL, J., delivered the opinion of the court.

The effect of the testimony admitted by the court over the objection of the appellants was to substitute for the will made by the testator that which the witnesses endeavored to show he really intended to make, and as to which he failed by mistake of the drawer of the will. It is not allowable to do this, as to which all the books agree. The case which goes farthest towards abrogating the settled rule on this subject is *Patch* v. *White,* 117 U. S. 210, and even that does not sustain the admissibility of the evidence in this case. The dissenting opinion of four of the justices in that case is a sufficient answer to it, if the facts of this case were the same as in that, but they are not. Here the testator devised to the appellee a parcel of land by an accurate description, except as to the initial point, and parol testimony was received to show that he really intended to

give her, not what is described in the will but another parcel of land. This was not to apply the will made, but to make one different from that made.

*Reversed and remanded.*