HOWARD *v.* TOWN OF NEWTON.

[67 South. 49.]

1. CRIMINAL LAW. *Appeal. Questions not raised on trial.*

When an objection is made to evidence which in its nature is such as may be obviated, it must be specific, so as to allow the party offering an opportunity to supply its place if the objection is sustained, and where this is not done, it will not be noticed in the appellate court.

2. SAME.

Where only a general objection to the introduction of a city ordinance was made at the trial, accused cannot, for the first time in the appellate court, claim that the ordinance was not proven in the proper manner, in that it should have been proven, either by a certified copy, or the book containing it should have been identified by the city clerk, its legal custodian.

APPEAL from the circuit court of Newton county.

HON. C. L. DOBBS, Judge.

Anse Howard was convicted of petty larceny and appeals.

The facts are fully stated in the opinion of the court.

*W. I. Munn,* for appellant.

*Jesse Jones,* and *Fulton Thompson,* for appellee.

SMITH, C. J., delivered the opinion of the court.

Appellant was convicted in the court of the mayor of the town of Newton of the crime of petit larceny as defined by an ordinance of that town, and was again convicted on appeal to the circuit court.

The marshal of the town of Newton was introduced as a witness and identified the ordinance book of that town, whereupon the ordinance in question contained therein was introduced in evidence. An objection to this evi-

dence, and the ruling of the court thereon, which is here assigned for error, appears in the record following its introduction in the following language:

"Objection by counsel for defendant. Objection overruled by the court, and the defendant then and there excepted to the ruling of the court."

Conceding for the sake of the argument that this ordinance was not properly proven, the ruling of the court below on the objection thereto cannot be availed of here, for the reason that it was general when it should have been specific. In the brief of counsel for appellant it appears that the ground of the objection to this evidence, here made specific for the first time, is that the ordinance was not proven in the proper manner, the contention being, as we understand the brief, that the ordinance should have been proven either by a certified copy thereof, or the book containing it should have been identified by the clerk of the city, its legal custodian. It will be observed that this objection goes not to the admissibility of the ultimate facts sought to be proven, that is, the ordinance itself, but simply to the method by which the ordinance was proven. Had the objection to the method of proving the ordinance been pointed out in the court below, it may be that counsel for appellee could have met it by making the proper proof; and the rule was long since settled in this state that:

"When an objection is made to evidence which in its nature is such as may be obviated, it must be specific, so as to allow the party offering an opportunity to supply its place if the objection is sustained, and where this is not done, it will not be noticed in the appellate court." *Heard* v. *State*, 59 Miss. 545; *Morris* v. *Henderson*, 37 Miss. 492; *Wesling* v. *Noonan*, 31 Miss. 599.

The full rule relating to this question of practice is set forth in 1 Wigmore on Evidence, section 18, chapter (1), as follows:

"The cardinal principle (no sooner repeated by courts than it is forgotten by counsel) is that a general objection, if overruled, cannot avail. . . . The only modification of this broad rule is that if on the face of the evidence, in its relation to the rest of the case, there appears no purpose whatever for which it could have been admissible, then a general objection, though overruled, will be deemed to have been sufficient. . . . But when a general objection is sustained by the trial court, it may be presumed that the reasons were apparent to all parties without statement; and, as the exception is here to be taken by the proponent of the evidence, it is fair to require him to make clear therein the basis of his claim for its admissibility, if he had rested on any specific ground; hence the general objection will suffice, if on the face of the evidence and the rest of the case there appears to be any ground of objection which might have been valid (or, otherwise stated, if there is any purpose for which the evidence would conceivably be inadmissible)."

The other assignment of error relates to the exclusion of certain hearsay testimony, and is therefore without merit.

*Affirmed.*