CHRISMAN v. MAGEE.

[67 South. 49-901.]

1. WILLS. *Construction. Sale of devised property. Proceeds. Notes. Residuary estate. Legacies. Parol evidence. Description. Mistake.*

Where a testator bequeathed to his son all lands which the testator owned in the town of C. and after describing several parcels, declared that he had contracted to sell one forty-acre

tract, and if the sale was completed, the son was to receive the
notes given for the purchase money, or the money paid for it,
and so as to any of the land in C. if sold before the testator's
death, in such case it was the intention of the testator that the
son should receive such land as the testator owned in C., and
such amounts which may have been derived from the notes given
to evidence the purchase price of land he had owned in that town
and sold.

*2*. WILLS.  *Construction.  Residuary estate.*

Where notes were given to evidence the purchase price of land
sold by the testator in his lifetime, and neither the land nor the
notes are mentioned in his will, such notes passed as residuary
estate to the residuary legatees.

3. WILLS.  *Construction.  Legacies.*

Where the testator bequeathed to D. in trust for testator's
daughter, certain specified bonds, the daughter was entitled to
have all interest received from the bonds, and all interest, pay-
ments, issues, and proceeds, arising from said bonds during the
continuance of the trust and at the end of the trust they should
be delivered to her, or at her death, be divided as set forth in
the will.

4. WILLS.  *Parol evidence.  Description.*

Where the description of the lands devised is clear and accurate
oral testimony will not be admitted to show that the testator did
not intend to devise the land described, but another parcel of
land.

5. WILLS.  *Land not devised.  Residuary estate.*

Where land belonging to the testator was not disposed of nor at-
tempted to be disposed of and there was nothing in any clause
of the will to prevent it from being embraced in the disposition
of a residuary clause, it should be awarded to the residuary
devisees.

6. WILLS.  *Parol evidence.  Description.  Mistakes.*

When a testator devised lands in a certain county by an impossible
description because of a mistake in the statement of the town-
ship in which the land was located, but the property was identi-
fied by a further statement in the will that the testator had
contracted to sell it, parol evidence was admissible to further
identify the property, and apply the devise.

ON SUGGESTION OF ERROR.

WILLS.  *Land devised.  Description.*

Where testator devised to his son the southwest quarter of the
northeast quarter of section 31, township 22, range 5 west, in

B. county, in which section he owned only the southwest quarter of the northwest quarter, so that the description contained in the will was erroneous, *held*, that enough remained after discarding the erroneous part of the description to identify the land so that it passed by the will.

APPEAL from the chancery court of Madison county. HON. G. G. LYELL, Chancellor.

Petition by Mrs. Ada Magee, against J. J. Chrisman. From a decree in favor of petitioner for part of the relief demanded, defendant appeals and petitioner cross-appeals.

The facts are fully stated in the opinion of the court.

*Thomas S. Owen*, for appellant.

The errors in description of all these tracts of land which were erroneously described in the will, depend on the decision of the same point of law as to whether or not evidence may be admitted to explain or identify the property thus erroneously described in the will. In 40 Cyc., page 1444, is found the following: "For the purpose of explaining or identifying property defectively described, evidence may be admitted as to what land the testator owned, so as to show that, although he did not own the land described, he did own other similar lands, thus showing a mistake in the description, as in the number or designation of a lot or other division. One of the leading cases that we have been able to find on this subject is *Patch* v. *White*, 117 U. S. 210, Law, Ed. 860, in which the description of the land devised by the testator in his will was as follows: "And touching my wordly estate I give, devise and dispose of the same in the following manner." He devised specific lots to near relatives and among others, to his brother, "Lot No. 6 in square 403." He then gave to his son "the balance of my real estate, believed to be and consist of certain named lots;" but not mentioning lot 3 in square 406. It

was held that the testator intended to dispose of all of his real estate, and thought he had done so; and that in his devise to his brother he believed he was giving his brother one of the lots he owned; and that evidence might be introduced to show that the testator did not, and never did own lot 6 in square 403, but did own lot 3 in square 406; and that evidence, in connection with the contest of the will, sufficiently showed an error in description and that the lot he really devised was lot 3 in square 406.

The case of *Decker* v. *Decker*, 121 Ill. 341, reported in 12 N. E., page 750, in which the case of *Patch* v. *White*, is cited with approval, is more nearly in point with the facts in this case as regards to two of the pieces of property in controversy here.

The case of *Gilmer* v. *Stone*, 7 Sup. Ct. Rep. 689, and the case of *Webster* v. *Morris*, 28 N. W. 353 (a Wisconsin case), both discuss the law as to latent ambiguities in a will and lay down the rule which we do not deem it necessary to argue, that as a latent ambiguity is disclosed only by extrinsic evidence it may be removed by such evidence. *Pecock* v. *Reddinger* (an Indiana case) reported in 9 N. E. page 473; *Chambers* v. *Watson* (an Iowa case) reported in 14 N. W. 336; *Douglas* v. *Bolinger*, 228 Ill. 23, 81 N. E. 787; *Felkel* v. *O'Brien*, 231 Ill. 329, 83 N. E. 170; *Collins* v. *Capps*, 235 Ill. 560, 85 N. E. 934; *Clancy* v. *Clancy*, 95 N. E. 140 *Flynn* v. *Holman* (Iowa, 1903), reported in 94 N. W. 447; *McMahon* v. *Hubbard* (Missouri, 1009), 118 S. W. 481; *Board of Trustees of M. E. Church South* v. *May* (Missouri 1907), 99 S. W. 1093; *Rogers* v. *Rogers* (Georgia), reported in 2 S. E. 451.

In this connection see, also, the following authorities: *Lomax* v. *Shinn*, 162 Ill. 124, 44 N. E. 495; *Moorehead* v. *Brady*, 8 Ore. 303, 34 Am. Rep. 581; *Graves* v. *Rose*, 246 Ill. 76, 92 N. E. 601; 30 L. R. A. (N. S.) 303; *Whitehouse* v. *Whitehouse*, 136 Ia. 165, 113 N. W. 759, 125 Am. St. Rep. 250; *Eckford* v. *Eckford*, 91 Ia. 45, 58 N. W. 1093, 26 L. R. A. 370; *Seebrock* v. *Fedawa*, 33 Neb. 413, 50 N.

W. 270, 29 Am. St. Rep. 488; 49th Century Digest, Title "Wills," secs. 1047 to 1057; 103 Am. St. Rep. 474; 97 N. W. 449; 75 N. W. 971; 80 N. E. 998; 99 U. S. 183.

From all of these authorities cited, it will be seen that the weight of authority is that evidence may be admitted to correct description of land that is erroneously described in a will, under the facts and circumstances in this case and that the two forty acres of land which were erroneously described and which the evidence showed that it was, the intention of the testator to devise to J. J. Chrisman, should be held to be devised by this will to him.

*Charles Scott* and *Woods & Somerville,* for appellee.

The rule, from the time the memory of man runneth not to the contrary, in this state, has been that a description must be of sufficient definiteness as to enable a surveyor or other competent person to lay off the lands. How, may we ask, could any one lay off the "Southwest of the Northeast quarter" of a section. They would set up their level of transit at the Southwest corner of the Northeast quarter and would be utterly at a loss to know how far to run, where to stop, or what lands to embrace. The testator gives us absolutely nothing else to go by, absolutely no further description than the one above outlined, and it must stand or fall on that alone. We say that it must necessarily fall. The holdings of this honorable court appear conclusive as to this point.

The court will note the holding in *Tierney* v. *Brown,* 65 Miss. 563; 7th Am. St. Rep. 679, where Justice Arnold says: "In one of appellant's muniments of title it (referring to southeast quarter of section 5, township 14, range 4) is described as part of the southeast quarter of section 5, township 14, range 4, east. This description indicated no particular part of the subdivision named, and is therefore fatally defective and void; *Yandell* v. *Pugh,* 53 Miss. 295; *Bowens* v. *Andrews,* 52 Miss. 596;

*Cogburn* v. *Hunt,* 54 Miss. 675; *Dingey* v. *Paxton,* 60 Miss. 1038."

We have looked carefully for a late case covering the question here presented and the latest announcements which we have been able to locate are: *Blumenthal* v. *Blumenthal,* 158 S. W. 648, 251 Mo. 693, decided in 1913; *James* v. *Hamil,* 78 S. E. 721, 104 Ga. 168; *Scott* v. *Dunckal,* 152 S. W. 1025; *Beard* v. *Taylor* (N. C. 1911), 73 S. E. 213.

Equity cannot go beyond the intention of testator expressed in the will, to construe the will. Wills, Decennial Digest, section 581; Century Dig., section 1268. In section (T) of the Decennial in an Ohio case of *Hull* v. *Hull,* the court held and ruled that it could not substitute the number of a lot owned by testator for the number of a nearby lot in same block which latter lot testator did own. *Patch* v. *White,* 117 U. S. 210, gives a strong opinion by Mr. Justice BRADLEY, dissenting with three other justices. From an exhaustive examination of all authorities on this subject, we find the decisions are uniform in holding that no earthly court can go beyond the words of the will to construe same, but only where, by striking out a part of the description of land in a will, a sufficiently accurate description of the land is left, that the court can effect such an omission for the purpose of construing the will. *Schlottman* v. *Hoffman,* 18 So. 893; *Lomax* v. *Lomax,* reported in 6 L. R. A. (N. S.), page 943; *Morris* v. *Henderson,* 37 Miss. 505; *Ehrman* v. *Hoskins,* 67 Miss. 192; *Hughton* v. *Sartor,* 71 Miss. 357; *Johnson* v. *Delome Land Co.,* 26 So. 360; Wills Dec. Dig., sec. 581; Century Digest, sec. 1268; *Patch* v. *White,* 117 U. S. 210; *Clancy* v. *Clancy,* 95 N. E. 141 (Illinois); *Collins* v. *Capps,* 85 N. E. 934 (Ill.); *McGovern* v. *McGovern,* 77 N. W. 970 (Minnesota); In re *Lynch,* 142 Cal. 373, 75 Pac. 1086; *Eckford* v. *Eckford,* 53 N. W. 345; *Chambers* v. *Watson,* 10 N. W. 239. (A strong case from Iowa); *Sturgis* v. *Work,* 22 N. E. 996.

The first citation of counsel for appellant is *Patch* v. *White,* 117 U. S. 210, 29 L. Ed. 860. Mr. Justice J. A. P. CAMPBELL in *Ehrman* v. *Hoskins,* 67 Miss. 194, says that the rule of *Patch* v. *White* is not controlling in Mississippi, but says the dissenting opinion of four justices in that case is sufficient answer to it, if the facts there existed in the case he was then considering, but if such facts existed, parol evidence would be inadmissible; further Judge CAMPBELL says: ''Here testator devised to the appellee a parcel of land by an accurate description, except as to the initial point, and parol testimony was received to show that he really intended to give her, not what is described in the will but another parcel of land. This was not to apply to the will made, but to make one different from that made.''

In *Gilmer* v. *Stone* and *Webster* v. *Mossir,* 28 N. W. 353, the brief of appellant is discussing questions foreign to this case. In *Pocock* v. *Reddinger,* 9 N. E. 473, and *Board of Trustees of M. E. Church* v. *May*——S. W. 1093, there was a clause in the will to the effect that testator made a general description, expressing in this will an intention to dispose of all property having no residual clause in the will; and the courts did not admit parol evidence after the court held the general description to cover certain lands improperly described in the will; the court struck out this latter improper description, and directed a devise according to the general description in the will. And so the courts make this nice distinction and appellant's citations are not in point. Such was true in *Chambers* v. *Watson,* 14 N. W. 336.

As to citation of *Douglass* v. *Ballinger,* 81 N. E. 787; *Feckel* v. *O'Brien,* 83 N. E. 170; *Collins* v. *Capps,* 83 N. E. 934; *Clancy* v. *Clancy,* 95 N. E. 140, all from Illinios. We do not see that these cases are applicable here, but will be glad for the Illinois rule announced so clearly in *Lomax* v. *Lomax* to control the court and this last case

is to our minds a sufficient answer to these citations.
*Flynn* v. *Holman*, 94 N. W. 447, is not in conflict with
our contentions, but an entirely different case. We are
content with the rule announced in *Board of Trustees of
M. E. Church* v. *May,* announced in 99 S. W. 1093, to
answer the *McMahon* v. *Hubbard*, 118 S. W. 481 citation.
We have not taken time to examine the list of cases given
on page 12 of brief for appellant, but are confident that
the court upon examination will find those discussed
above not to be in conflict with our contentions.

REED, J., delivered the opinion of the court.

Appellee, Mrs. Ada Magee, filed her petition in the
chancery court asking for a construction of the will of the
late Judge J. B. Chrisman, and praying the court to de-
cree that she owned a half interest in certain notes and
proceeds therefrom, and in certain lands which were the
property of the testator and were not disposed of in his
will. Appellee is the daughter of Judge Chrisman. She
made appellant, J. J. Chrisman, her brother, a party to
her petition. In his answer, appellant denied that ap-
pellee was entitled to the interest in the property which
she claimed. He made his answer a cross-petition, and
prayed the court to decree him to be entitled to a one-half
interest in the proceeds of certain levee bonds bequeathed
by Judge Chrisman to appellee and in certain notes. Ap-
pellee answered the cross-petition, and denied that ap-
pellant was entitled to any interest whatever in the bonds
given her and in the notes.

Judge Chrisman made and executed his will on
January 1, 1910. He died on January 8, 1910, and
his will was duly probated and admitted to record
in the chancery court of Madison county. He
made specific bequests and devises to his two children, ap-
pellee and appellant. He left legacies to various rela-
tives, and then gave the rest and residue of his estate to

appellant and appellee, and appointed them executors of his will.

The chancellor, upon final hearing, construed the will in accordance with appellee's claim, except as to one parcel of land which the chancellor decided was rightfully owned by appellant. The chancellor also decreed that another parcel of land in controversy was not devised in the will, and descended to the heirs at law of Judge Chrisman, and not to the residuary devisees. From this decree appellant has prosecuted his appeal, and appellee has made a cross-appeal, claiming error on the part of the chancellor in decreeing that the land not disposed of in the will became the property of the heirs at law of Judge Chrisman, and in decreeing that appellant was the owner of the parcel of land referred to.

Concerning the notes in controversy: There is in the record an agreed statement of facts, and from this we quote as follows, to show all the facts relating to these notes:

"It is agreed that on August 12, 1908, the testator sold to M. R. Davis the northwest quarter of the northeast quarter of section 24, township 22, range 6, and at the time of the death of the testator there were two notes for two hundred and sixty-six dollars and sixty-six cents each, dated August 12, 1908 and due, respectively, September 1, 1910 and 1911, and bearing eight per cent. interest per annum from date. No mention was made of said notes or said land specifically in said will. The said notes have been paid to Joe J. Chrisman, one of the executors, and he now holds the funds arising therefrom."

"It is further admitted that on the 12th day of July, 1909, the testator sold to W. G. Howard, block 19 in the town of Cleveland; and at the time of his death two notes, dated July 12, 1909, one for one hundred and sixty-six dollars, and one for one hundred and sixty-eight dollars, both bearing eight per cent. interest from date, and payable twelve and twenty-four months from the date

thereof, which notes went into the hands of the executors and were collected by Joe J. Chrisman, one of the executors, who now holds said funds and claims the same.

"It is further agreed that on the 3d day of May, 1909, J. B. Chrisman conveyed to J. L. McLean that part of the northwest quarter of the northeast quarter of section 21, township 22, range 5 east of Chrisman street, in the town of Cleveland, Bolivar county, Mississippi, estimated to contain twenty-seven and seventy-six hundredths acres. It is further agreed that the said lands are within the corporate limits of the town of Cleveland, but are not platted into blocks and lots. It is further admitted that the consideration for the said deed was two thousand and eighty-two dollars, one-half of which was paid in cash, and the remaining one thousand and forty-one dollars was evidenced by two notes, one due January 1, 1910, and one January 1, 1911, with eight per cent. interest from date. It is admitted that these two notes were paid after the death of the said J. B. Chrisman, and one-half of the same was received by Ada C. Magee, and one-half by J. J. Chrisman."

To show the adjudication of the chancellor regarding these notes, we quote from his decree as follows:

"That the proceeds of money received from the notes of W. C. Howard and of M. R. Davis & Sons to J. B. Chrisman are a part of the residuary estate; hence Ada C. Magee and Joe J. Chrisman are each entitled to one half thereof, and for that half due Ada C. Magee it is hereby ordered that Joe J. Chrisman shall pay the sum of ($716.19) seven hundred sixteen and 19/100 dollars to Ada C. Magee. Further, the court finds the proceeds received from the notes of J. L. McLean to J. B. Chrisman are rightfully a part of the residuary estate, and Ada C. Magee was entitled to the one-half thereof paid her by Joe J. Chrisman, and it is decreed that she shall retain same as her share of such."

It will be seen that the notes of Howard and McLean were given to evidence the purchase price of lands in the town of Cleveland which were owned and sold by Judge Chrisman. In his will he specifically devised to appellant, his son, all land which he owned in Cleveland. We quote from the will:

"And the lots in the town in Cleveland, owned by me in the town of Cleveland in section 21."

Then follows the mention of several parcels of land which he designated by giving description in accordance with the government survey, and, after the mention of a certain quarter section, the will continues:

"I have contracted to sell this last forty acres and if the sale is made complete, my son is to receive the notes given for the purchase money or the money paid for it, and so as to any of the above lands if sold before my death. They are his patrimony or a part thereof, which I nevertheless reserve the right to sell and convey if a favorable opportunity presents itself, but the proceeds thereof, whatever it may be in notes or money will be delivered by my executors to my son in case I sell."

We get from these extracts from his will a view of the testator's intention relative to the notes given to evidence the purchase money for the land which he had mentioned in his will and had been sold. Appellant claims the right to these notes which evidence the purchase price, under these provisions of the will. It is evident that Judge Chrisman intended his son to have the land which he owned in Cleveland. The sales were made to both Howard and McLean before his death. The lands were disposed of, and in their place and stead stood the notes evidencing the purchase price thereof. We believe from a consideration of the clauses in the will we have just quoted, and from a view of the whole instrument in connection with the surrounding circumstances, that it was the testator's intention that his son should receive such land as he owned in Cleveland, and such amounts which

may have been derived from the notes given to evidence the purchase price of land he had owned in that town and sold. The testator did have, when he made his will, an interest in the land in Cleveland, because he was the holder of the notes evidencing the unpaid purchase price, and because he had the right, as such holder, to enforce a vendor's lien for their collection. We conclude, therefore, that the notes evidencing the purchase price of the land in Cleveland sold to Howard and to McLean should be given to appellant. The chancellor was in error in holding the contrary.

Now we find that the land sold by Judge Chrisman to M. R. Davis, for which the notes were given to evidence the purchase price, is not mentioned in the will. It cannot be said from the will and the facts in the record that the testator intended that appellant should receive this land, or, in its stead, the purchase price. Neither the land nor the notes evidencing the purchase price were disposed of at all in the will. Therefore, under the residuary provision, the proceeds of these notes evidencing the purchase price became the property of appellant and appellee, each owning a half interest, and the chancellor was correct in so holding.

Concerning the levee bonds: We quote from item 3 of the will of Judge Chrisman, in which he gave to his daughter, Mrs. Ada Magee, certain personal property, as follows:

"In addition I give and bequeath to my friend Z. D. Davis, of the Capital National Bank of Jackson, Miss., and his successors in office for the term of ten years, in trust for my daughter, Ada Magee, the following bonds:

Five (5) thousand dollars in Yazoo Miss. delta
  4%, they are each of the denomination of
  $1,000.00, and are numbered respectively,
  480, 481, 482, 483, and 484................ $5,000.00
Also the following Miss. levees 5%, numbers
  746, 747, each $1,000.00................. 2,000.00

Also the following Miss. levee district refund-
   ing bonds, 4½%, numbers 1 and 2........     2,000.00
Also same same same, No. 42..............     1,000.00

Total in bonds, ten thousand dollars........$10,000.00''

In the beginning of his will Judge Chrisman stated
that:

"The levee bonds bequeathed are at this date in the
custody of Z. D. Davis, of the Capital National Bank,
Jackson, Miss.

The chancellor decided in reference to these bonds,
quoting from his decree, as follows:

"Regarding the bonds of the commissioners of the
Mississippi levee board and of the commissioners of the
Yazoo Mississippi levee board, referred to bequeathed
and held by Ada C. Magee, under 'item 3' of said will,
the same and each of the ten and their interest are found
to belong to Ada C. Magee. She was entitled to have all
interest received therefrom, and is entitled to all the in-
terest payments, issues, and proceeds thereof hereafter
arising, according to the terms of said will and condi-
tions thereupon imposed."

The chancellor was correct in this decision. The bonds
were sufficiently described. As stated in the will, they
were all in the possession of Z. D. Davis, who was to
hold them in trust for the benefit of Mrs. Magee for the
period of ten years, at the end of which period they were
to be delivered to her, or, in the event of her death, to be
divided as set forth in the will. She is entitled to the full
interest in the bonds given her by the will.

Concerning the southwest quarter of the northwest
quarter of section 31, township 22, range 5: The agreed
statement of facts contains the following information
regarding this land:

"It is admitted that at the time of the death of J. B.
Chrisman he owned the southwest quarter of the north-

west quarter of section 31, township 22, range 5, in Bolivar county, Miss., which was the only land owned by him, at that or any other time, in that section. It is admitted that this land was not specifically described in the will, but the will does mention the southwest quarter of the northeast quarter of section 31, township 22, range 5. After the death of said J. B. Chrisman, Joe J. Chrisman went into possession of the southwest quarter of the northwest quarter of section 31, township 22, range 5, and remained in the undisputed possession of the same until the filing of the amended petition herein.''

We quote from the chancellor's decree to show his holding as to this quarter section:

''The court finds that the southwest quarter of the northwest quarter (S. W. ¼ of N. W. ¼) in section 31, township 22, range 5 west, in Bolivar county, Miss., was not devised by said will to Joe J. Chrisman, and he was not entitled to receive or enjoy any rents, issues, or profits therefrom for the years 1910, 1911, or 1912, or hereafter, except as to his part thereof—to wit, one-third. The court doth order and decree the heirs at law of J. B. Chrisman to be entitled to an undivided one-third each in said lands, and Joe J. Chrisman shall account to them and pay to them their one-third portion of all rents, issues, and profits received therefrom by him, and, unless the parties can agree upon a commissioner to ascertain the same, an order will be entered within ten days herefrom appointing such commissioner to ascertain the reasonable rental value of said property, what rents have been received, and what the extent of the occupancy and use by J. J. Chrisman, and upon the coming in of the report of said commissioner, further order will be made.''

Appellant contends that the mention in the will of the southwest quarter of the northeast quarter of section 31, township 22, range 5, was a mistake in description, and that the testator intended to devise the southwest

quarter of the northwest quarter of section 31, township 22, range 5, in Bolivar county. He further contends that oral evidence should be admitted to explain or identify the property, which, he says, is defectively described in the will. It will be seen that the description of the quarter section of land in the will is clear and definite. Where such description is accurate as that contained in the will now before us, oral testimony will not be admitted to show that the testator did not intend to devise the land described, but another parcel of land. Appellant cites *Patch* v. *White*, 116 U. S. 210, 6 Sup. Ct. 617, 710, 29 L. Ed. 860, and relies upon the holding of the court in that case and the holdings of courts in cases which seem to follow that case, to sustain his view that oral testimony should be admitted to correct descriptions in cases like that at bar. It cannot be stated, however, that the quarter section of land was defectively described. The description in the will of the land was sufficient for identification thereof. We think that this question is fully settled in this state by the decision in *Ehrman* v. *Hoskins*, 67 Miss. 192, 6 So. 776, 19 Am. St. Rep. 297, wherein it was decided that:

"Where the owner of several lots devises one of them by an accurate description, parol evidence is incompetent to show that he intended to devise a different lot, and that by mistake the wrong lot was described."

We quote in full the opinion of the court in that case delivered by Judge CAMPBELL:

"The effect of the testimony admitted by the court over the objection of the appellants was to substitute for the will made by the testator that which the witnesses endeavored to show he really intended to make, and as to which he failed by mistake of the drawer of the will. It is not allowable to do this, as to which all the books agree. The case which goes farthest towards abrogating the settled rule on this subject is *Patch* v. *White*, 117 U. S. 210, and even that does not sustain the admissibility

of the evidence in this case. The dissenting opinion of four of the justices in that case is a sufficient answer to it, if the facts of this case were the same as in that, but they are not. Here the testator devised to the appellee a parcel of land by an accurate description, except as to the initial point, and parol testimony was received to show that he really intended to give her, not what is described in the will, but another parcel of land. This was not to apply the will made, but to make one different from that made."

The chancellor was correct in holding that the southwest quarter of the northwest quarter, section 31, township 22, range 5 west, in Bolivar county, was not devised to appellant, Joe J. Chrisman. He erred, however, in holding that the land descended to the heirs at law of Judge Chrisman. We learn from the brief of counsel for appellee and cross-appellant that this finding of the chancellor was based on the case of Gordon v. Perry, 98 Miss. 893, 54 So. 445. In that case there was a specific devise of the property in the will which was avoided by the renunciation by the widow of the testator. The court held that, where there was such a specific devise, and it did not take effect "either from the incompetency of the devisee to take, from a partial revocation of the will, a lapse by the death of the devisee in the lifetime of the testator, or from the contingency not happening upon which, as a condition precedent, the devise was made, or was to take effect, it descends to the heir, as property undisposed of by the will, and does not go to the residuary devisee under the general residuary clause." It will be noted that in that case is the further holding that:

"If the real estate be not attempted to be disposed of specifically by the will, it will pass to the general residuary devisee, unless restricted by other clauses of the will; for, not being disposed of, nor attempted to be disposed of, it must be taken to have been intended to be embraced in the positive disposition of the residuary

clause. 1 Jarman on Wills (1st Am. Ed.), 588-590. In
such a case it would be doing violence to the express dis-
position of the will to say that, as to such real estate,
the testator intended to die intestate."

The land now under consideration was not disposed
of nor attempted to be disposed of. There was nothing
in any of the clauses of the will to prevent it from being
embraced in the disposition of the residuary clause.
The chancellor, therefore, should have given it to the
residuary devisees, the appellant and appellee, one-half
to each.

Concerning the southeast quarter of the northwest
quarter, section 24, township 22, range 6: The agreed
statement of facts gives the following information
touching this land:

"It is admitted that at the time of the death of J. B.
Chrisman, and at the time of the making of his will, he
owned the southeast quarter of the northwest quarter of
section 24, township 22, range 6, which was the only land
owned by him in that section, and which was the only
land owned by him in any section 24 in Bolivar county,
Miss. It is further admitted that several years prior to
the death of J. B. Chrisman, and prior to the making of
his will, he contracted in writing with Madison M. Brown
to sell to the said Madison M. Brown, the southeast
quarter of the northwest quarter of section 24, township
22, range 6, and that since the death of the said J. B.
Chrisman, Joe J. Chrisman executed a deed to the said
Madison M. Brown for the consideration of $——— be-
ing one thousand dollars that the said Madison M.
Brown was to pay to the said J. B. Chrisman for the
said land, with $——— interest and $——— taxes paid
by J. J. Chrisman. It is further agreed that there is no
section 24, township 6, range 5 in Bolivar county, Miss.,
and it is further agreed that J. B. Chrisman never owned
any lands in any section 24, township 6, range 5."

We quote from item 2 of the will, in which ,Judge Chrisman made specific bequests and devises to his son, appellant, as follows:

"The southeast quarter of the southwest quarter, section 24, township 6, range 5, west. I have contracted to sell this last forty acres and if the sale is made complete, my son is to receive the notes given for the purchase money or 'the money paid for it, and so as to any of the above lands if sold before my death. They are his patrimony or a part thereof, which I nevertheless reserve the right to sell and convey if a favorable opportunity presents itself, but the proceeds thereof, whatever it may be in notes or money will be delivered by my executors to my son in case I sell."

The following from the decree of the chancellor shows the disposition of this land:

"The court finds the southeast quarter of the northwest quarter (S. E. ¼ of N. W. ¼) in section 24, township 22, range 6 west, in Bolivar county, Miss. to be devised to Joe J. Chrisman by said will, and by this he is declared to be the rightful owner of same. To which ruling of the court the petitioner then and there excepted, and prayed an appeal therefrom, the same being granted, and petitioner allowed thirty days hereafter within which to file a bond in such amount and terms as the clerk of this court shall ratify and approve, and the filing of said bond shall act as a *supersedeas* to appeal this part of said cause to the supreme court of the state of Mississippi."

The defect in this description is the erroneous statement of the township. Judge Chrisman in his will declares that all of the lands devised by him are situated in Bolivar county. There is no section 24 in township 6 in that county. This is not an accurate description of a tract of land. It is an impossible description. No tract of land could be located by the description. The property intended to be devised' cannot be identified by

the description by numbers on the government survey. There are, however, further words in the will to identify the tract.   The testator states that he has contracted to sell the very forty acres which he attempted to describe by numbers on the survey.   Therefore there is a devise of a certain forty acres in a certain section and range in Bolivar county, which the testator has contracted to sell. We think this is sufficient to admit parol evidence to further identify the property, as has been done in this case through the agreed statement of facts; so that we conclude that the chancellor was correct in decreeing this land to appellant.

*Reversed and remanded.*

OPINION ON SUGGESTION OF ERROR.

REED, J.

Appellant, in his suggestion of error, says that the decision of this court rendered on a former day (see *Chrisman* v. *Magee,* 67 So. 49) is correct, except as to the holding therein relative to the land in section 31, township 22, range 5, in Bolivar county.   It will be seen by reference to the statement of the facts in the opinion that the testator, the late Judge J. B. Chrisman, in his will, devised to his son, J. J. Chrisman, the appellant, the "southwest quarter of the northeast quarter, section 31," in township 22, range 5, west.   The testator did not own the southwest quarter of the northeast quarter in the section 31, but did own the southwest quarter of the northwest quarter in that section, and that was the only land he owned or ever owned therein.

We held in our former opinion that the description of the land as contained in the will was accurate, and that oral testimony would not be admitted to show that the testator did not intend to devise the land described, but another parcel of land, citing *Ehrman* v. *Hoskins,* 67 Miss. 192.   We note that in that case the testator owned

the lot which was described in the will by accurate description, while here he did not own the southwest quarter of the northeast quarter described in the will. So there is a difference in the facts. The general rule which we applied in this case in our former opinion is not, however, without exceptions. There is another rule of law applicable here which we, in our former consideration, overlooked and which is that where there is a misdescription of the property devised, if after striking out the erroneous part of the description, enough remains, when considered in the light of the circumstances surrounding the testator, to identify the property he intended to convey, the remaining part of the description may be taken to give effect to the testator's purpose. 40 Cyc. 1559. It is stated in Page on Wills, p. 573, that:

"The greater weight of modern authority probably is that where the will is so worded as to show testator's intention to pass his lands in the given plat or section and the like, the description of the particular lot, quarter section, and the like may be rejected, if erroneous."

Mr. Page further says (see page 571) that all the courts practically agree that if—

"after the false description, or part of a description, is discarded, there remains in the devise language sufficiently full and accurate to identify the subject of the gift with sufficient certainty, the property thus indicated will pass."

In the case of *Pate* v. *Bushong*, 161 Ind. 533, 69 N. E. 291, 63 L. R. A. 593, 100 Am. St. Rep. 287, it was held that if there were errors in a will in the description of the subject of a devise, it will not void the gift if after rejecting the errors enough remains to show with reasonable certainty what was intended when considered from the position of the testator, and that where a devise of lands by description partly fails, as where the wrong section number is given, if what remains after rejecting the er-

roneous reasonably corresponds with the real estate in-dicated by extrinsic evidence, such devise will be effec-tive. It is stated in the monographic note on the subject of Extrinsic Evidence to Explain Wills, to the case of *Chappell* v. *Missionary Society*, 50 Am. St. Rep. 279, that:

"While words cannot be added to the will, yet, in ar-riving at the intention of the testator, so much as is false in the description of the land devised may be stricken out, provided enough remains to identify the premises intended to be devised."

It is contended by the appellant in his suggestion of error that if the part of description which is shown by the agreed statement of facts to be erroneous, to wit, "southwest quarter of the northeast quarter" is stricken from the will, there will remain a sufficient de-scription to identify the land devised. After striking out the part mentioned, the will then will show that the testator devised to his son land in section 31, township 22, range 5, west, in Bolivar county, Miss. The agreed statement of facts contains the information that testator only owned one quarter of a quarter, or forty acres, in that section, and that that parcel was the southwest quarter of the northwest quarter of that section. It is also clear from the agreed statement of facts that the "south-west quarter of the northeast quarter" in the descrip-tion is erroneous. After discarding the erroneous part of the description, it appears to us that sufficient remains to identify the land so as to enable it to pass by the will. It is also apparent to us, after a careful reconsidera-tion of this case, and in the light of all the circumstances surrounding the testator at the time he made his will, that it was his intention that this forty acres of land should go to his son, the appellant.

We, therefore, conclude that we were in error in hold-ing that the chancellor was correct in deciding that the land was not devised to appellant, and we now withdraw

all that part of our opinion·in which we so decided. The suggestion of error is sustained, and we now hold that the land owned by the testator in section 31, township 22, range 5, west, in Bolivar county, which is the southwest quarter of the northwest quarter of the section, and the only land owned by the testator when he made his will, in that section, was devised in the will to the appellant, and is now his property.

*Suggestion of error sustained.*