JULIUS LEVY SONS CO. *v.* ORLANSKY.

[71 South. 571.]

1. PLEADING. *Demurrer. Right to plead over. Prerequisites. Waiver. Guaranty. Defenses.*

Conceding that section 755, Code 1906, is mandatory in requiring that an affidavit of the merits of the defense must first be made as a prerequisite to pleading over after demurrer to the declaration is overruled, yet this statutory requirement may be waived by a party to the litigation and a party waives it when he fails to object to, and acquiesces in, the action of the court in granting leave to plead further.

2.  GUARANTY. *Defenses. Pleading.*

A plea of a surety whose contract provides for liability until terminated in·writing, that the creditor expressly agreed to cancel the contract of suretyship and release the surety states a good defense and is not demurrable.

APPEAL from the circuit court of Sunflower county. . HON. F. E. EVERETT, Judge.

Suit by the Julius Levy Sons Company against Hl Orlansky. From a judgment overruling a demurrer to defendants plea, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*S. F. Davis,* for appellant.

- *Herring & Wiley* and ·*James L. Williams,* for appellee.

HOLDEN, J., delivered the opinion of the court.

This is an appeal from the circuit court of Sunflower county in which the appellant, Levy Sons Company, sued H. Orlansky, the appellee, and from a judgment overruling a demurrer to the defendant's pleas, Levy Sons Company appeal to this court.

Appellant, Julius Levy Sons Company, wholesale merchants of Memphis, sold a bill of goods to B. Bindusky, a retail merchant at Drew, for which, it is alleged, the appellee, H. Orlansky, guaranteed the payment in writing. Bindusky failed to pay for the goods, and suit was entered by Levy Sons Company against H. Orlansky, appellee, to recover the amount under the written guaranty executed and delivered to appellant. Here is a copy of the guaranty:

"Memphis, Tenn., Aug. 26, 1910.

"I hereby agree to be responsible for a certain account to be made by Mr. B. Bindusky of Drew, Miss., to the amount of two hundred and fifty ($250.00) dollars, more

or less, with Julius Levy Sons Co., of Memphis, Tenn., and this guarantee to hold good until revoked by me in writing.                                    H. Orlansky.''

The defendant in the court below demurred to the plaintiff's declaration, which demurrer was by the court overruled, and the defendant, without objection by appellant, was granted leave by the court to plead further, and did subsequently file four separate pleas to the declaration, numbered 1, 2, 3, and 4, whereupon, several days after the order was granted, the appellant moved to strike the pleas, because the defendant had failed to make and file an affidavit setting out his defense in the manner prescribed by section 755, Code of 1906. This motion was overruled by the court, and. thereupon the appellant demurred to all of said pleas, 1, 2, 3, and 4, and the court sustained the demurrer to pleas 3 and 4, and overruled the demurrer as to pleas 1 and 2, and the plaintiff declining to plead further, the court entered a final judgment for the defendant, and the plaintiff prosecutes this appeal.

We here set out appellee's special plea No. 2:

''Comes the defendant, by his attorneys, and for further plea in this behalf, says that the plaintiffs ought not to have or maintain their aforesaid action against him, because he says that on the 2d day of January, 1911, at a time when the said B. Bindusky did not owe plaintiffs anything on account by reason of the alleged guaranty sued on in this case, the said plaintiffs expressly agreed with the said defendant that they would cancel the said guaranty, and released the defendant from all further liability thereunder; and that, by reason thereof, the dedendant was released from all further liability on account of said guaranty; and this the defendant is ready to verify.''

We deem it necessary in passing upon this case to deal with only two of the questions presented: First, whether or not the lower court erred in permitting the defendant below to plead to the declaration after his de-

murrer was overruled, without first complying with section 755, Code of 1906; second, whether or not the defendant's plea No. 2 stated a good defense to the cause of action alleged in the declaration.

It will be observed from the record that when the defendant's demurrer was overruled there was no objection interposed by the plaintiff to the action of the court granting leave to the defendant to file his pleas to the declaration, but the plaintiff, without objection being made by him to the order of the court, a week afterwards, and the next day after the pleas were filed, moved the court to strike the pleas from the file, which motion was overruled.

We concede that the statute (section 755 of the Code of 1906) is mandatory in requiring that an affidavit of the merits of the defense must first be made, and that this court, in *Feazell* v. *Staltzfus,* 98 Miss. 893, 54 So. 445, held that "the court is left no discretion as to whether the affidavit shall be filed," yet, we think that this statutory requirement may be waived by a party to the litigation, and that a party waives it when he fails to object to, and acquiesces in, the action of the court in granting leave to plead further. The pleas here were filed by leave of court, first had and obtained, in open court, without objection. We hold that the plaintiff below waived the statutory requirement, and cannot now complain.

As to the second question, we think that the defendant's plea No. 2, upon its face, sets up a good defense to the cause of action; therefore, the action of the lower court in overruling the demurrer to this plea was correct, and the judgment of the lower court is affirmed.

*Affirmed.*