IN RE ESTATE OF ENOS E. GROBE.
MATILDA GROBE ET AL., APPELLANTS, V. B. B. CROWNOVER, EXECUTOR, APPELLEE.

FILED NOVEMBER 17, 1917. No. 20221.

1. **Wills: ELECTION: EFFECT.** When the husband dies testate, seised of real estate which is the family homestead, and the widow elects to take under the statute and renounce the provisions made for her in the husband's will, the court will first award the widow her homestead interest in the homestead property not subject to debts of deceased, under section 3092, Rev. St. 1913, and then award her the share of an heir in the remainder of the property of the estate under section 1265, Rev. St. 1913.

2. ———: ———: ———. Where a widow elects to renounce the provisions made for her in the will of her deceased husband and take under the statute, such election does not render the will inoperative. As between other persons it will be enforced as nearly as may be in accordance with the intention of the testator.

APPEAL from the district court for York county : EDWARD E. GOOD, JUDGE.  *Affirmed.*

*Sandall & Wray* and *W. L. Kirkpatrick,* for appellants.

*G. M. Spurlock, contra.*

MORRISSEY, C. J.

Enos E. Grobe, a resident of York county, died testate, November 7, 1914, without issue, leaving surviving him his widow, his father and mother as heirs at law, and five brothers and sisters named as devisees in his last will and testament.   Decedent in his will provided first for the payment of his debts, then bequeathed a legacy of $2,500 to his widow, and the remainder of the estate he bequeathed and devised, one-half to his widow and one-half to his brothers and sisters.   Within the proper time the widow filed an election to take under the statute.   The only real estate of which decedent died seised was an 80-acre farm in York county, which at the time of his death was occupied by the decedent and his wife as their homestead.   Decedent's debts were in such an amount that after the personal property was exhausted there remained unpaid the sum of $3,278.97.   Under proceedings brought by the executor in the district court for York county, the real estate was sold to pay these debts.   His action in this regard is not questioned, and this appeal is taken from an order distributing the proceeds remaining after the payment of the debts.

The property sold for $11,280.   After the payment of the debts the executor brought $8,001.03 into court.   The widow filed an application for one-half of the gross proceeds of the land, claiming that she took such interest under section 1265, Rev. St. 1913, the inheritance law of 1907, and asking that the present value in money of her homestead life estate in the other half of the fund be computed and paid to her.

The father and mother of decedent ask that the fund remaining after the widow's rights are satisfied be paid to

them as decedent's heirs at law. Their application presents these points:

(a) That by section 3092, Rev. St. 1913, the widow is entitled to a life estate only in said homestead proceeds of $8,001.03, and is not an "heir" of her deceased husband, and does not inherit anything in the homestead remainder under the King inheritance law.

(b) That the present value of the widow's life estate in the $8,001.03 is the sum of $4,500 and no more, and that the remainder $3,501.03, should be distributed to the father and mother as heirs.

(c) That by her election to take under the statute the entire will fails and cannot be carried out, and after the widow's life estate is deducted the remainder should be distributed between the father and mother as heirs.

(d) That the $2,500 legacy lapsed after the widow's election, and the same passed to the father and mother as heirs.

The residuary devisees ask that the money remaining after satisfying the widow's rights under the statute be paid to them under the provisions of the will. Their application presents the following points:

(a) That by section 3092 the widow is entitled to a life estate only in the $8,001.03, and is not an "heir" of her deceased husband, and does not inherit anything in the homestead remainder under the King inheritance law.

(b) That the present value of the widow's life estate in the $8,001.03 is the sum of $4,500 and no more, and that the remainder $3,501.03, should be distributed among the devisees under the will, share and share alike.

Both the father and mother as heirs and also the devisees of decedent, in their several applications, take issue with the widow, both as to the nature and amount of her interests in the land and in the fund before the court, claiming that she took no interest in fee of said lands, but only a life estate in the remainder of $8,001.03.

Before submitting the issues thus joined to the district court, the several parties in interest stipulated that, whatever the several interests of the parties might be in the

subject-matter, such interests were to be computed and paid to them in money so that the division of said fund should be final. The trial court decreed: That the debts in the sum of $3,278.97 should be allowed against the estate; that the widow takes under the law and by descent one-half of said residue, to wit, one-half of $8,001.03; and that she has a life estate of homestead in the other half of said residue of the proceeds of said sale; that the present value of said life estate should be computed at 5 per cent., or upon an annual income of $200, amounting to $2,851.03; and directed that $6,851.03 be paid to the widow, and ordered the remaining $1,150 distributed under the will among the brothers and sisters.

The widow contends that the court erred in finding that she was not entitled to one-half of the gross proceeds of the sale of the land, and in holding that the debts should first be. paid before any distribution was made, and she further insists that she is not only entitled to one-half of the gross amount of the sale, but, in addition thereto, she is entitled under the homestead law to a life estate in all the remainder. She further contends that the court erred in finding that either the heirs or residuary devisees should share in the fund.

The father and mother, as heirs at law, complain because the court found the widow was an "heir" of the decedent, and has an interest in the estate under the inheritance act of 1907 (Rev. St. 1913, sec. 1265), and that she had an interest other than a life estate of homestead. They also say the court erred in giving any part of the estate to the residuary devisees under the will, and claim that the whole will failed because the widow elected to take under the statute. The residuary devisees join with the father and mother in saying that the court erred in finding that the widow was an "heir" under the inheritance act.

The money in the hands of the executor is the proceeds of the sale of the farm which was the homestead of decedent and his wife. We then have the questions: How did the same vest on his death? What interest vested in the

widow? What interest vested in the devisees? What interest vested in the heirs?

. The homestead statute of 1879 (Rev. St. 1913, sec. 3092) provides: "If the homestead was selected from the separate property of either husband or wife, it vests, on the death of the person from whose property it was selected, in the survivor, for life, and afterwards in his or her heirs forever, subject to the power of the decedent to dispose of the same, except the life estate of the survivor, by will."

The inheritance statute of 1907 (Rev. St. 1913, sec. 1265) provides: "When any person shall die, leaving a husband or wife surviving, all the real estate of which the deceased was seised of an estate of inheritance at any time during the marriage, or in which the deceased was possessed of an interest either legal or equitable at the time of his or her death, which has not been lawfully conveyed by the husband and wife while residents of this state, or by the deceased while the husband or wife was a non-resident of this state, which has not been sold under execution or judicial sale, and which has not been lawfully devised, shall descend subject to his or her debts and the rights of homestead in the manner following: * * * Fourth. One-half to the husband or wife, if there be no children nor the issue of any deceased child or children surviving."

The decree of the trial court permits the widow to take in fee one-half of the proceeds of the property remaining after the satisfaction of the debts under section 1265, and gives her a life estate in the remaining one-half under section 3092.

The decedent's statute does not change the homestead statute at all, and these two statutes may be harmonized by holding that the homestead law gives the residuary estate to those persons to whom the law gives property that is not a homestead. The surviving spouse is not an heir under the ancient definition of the term, but takes the property of the deceased spouse whenever the conditions are such that an heir would take. Under section 1265 the ancient right of dower is enlarged into a contingent interest in the fee. On the death of the husband the

widow becomes the owner, where there are no children, of a half interest in the property that is not a homestead, and because she takes by operation of law, and not strictly as an heir, she is not excluded from taking under the homestead law. There is no inconsistency between the statutes. In the instant case it appears to make no difference whether the widow first takes under the homestead statute or under the inheritance statute. The result is the same regardless of the order in which these statutes are applied. If any difference would result it would seem that the homestead statute ought to be first applied. Under the homestead statute the widow is entitled to the present worth of her life estate in the property, after the debts are paid, and she is entitled to half of the remainder under the inheritance statute.

Counsel representing her complain of the rate at which the present worth of her life estate in the homestead was established, but no facts are pointed out to show that the district court erred in this respect, and his finding in that regard will not be disturbed.

The law is well settled that the renunciation of a will by a widow will not be allowed to break the testamentary plan further than is absolutely necessary.

"Where a widow, without regard to the provisions of the will of her deceased husband, elects to take under the law of descents and distributions, such election does not render the will inoperative. As between other persons the will will be enforced as near in accordance with the intention of the testator as it can be." *Pittman v. Pittman,* 81 Kan. 643, 27 L. R. A. n. s. 602.

After the widow's portion is set aside, the estate of decedent is not left in such condition that the remaining provisions of the will cannot be carried out according to the testator's intent.

The record is free from error, and the decree of the district court is

AFFIRMED.