MATTHEW DONOVAN ET AL., APPELLANTS, V. BANK OF
PALMYRA ET AL., APPELLEES.

FILED JUNE 7, 1920.    No. 20798.

1. **Homestead: SALE BY HEIRS: DISTRIBUTION OF PROCEEDS.** Where the owner of a homestead dies intestate, leaving surviving, as heirs at law, his widow and brothers and a sister, and where the homestead has been sold to pay debts, the remaining sum, under the provisions of section 3092, Rev. St. 1913, and section 1265, Rev. St. 1913, should be distributed: First, to the widow the present worth of the use of the fund for the period of her life expectancy, based upon a fair rate of interest at the time; second, of the remaining sum one-half should go to the widow and one-half to the brothers and sister, share and share alike.

2. **Evidence** examined, and *held* to support findings and decree.

APPEAL from the district court for Otoe county: JAMES T. BEGLEY, JUDGE. *Affirmed.*

*W. F. Moran,* for appellants.

*Paul Jessen, contra.*

DAY, J.

Plaintiffs have appealed from a decree of the district court for Otoe county distributing $3,227.70, being the proceeds of the sale of the homestead of John Donovan, deceased.

The facts out of which the controversy arises are as follows: On November 27, 1915, John Donovan died intestate in Otoe county, Nebraska, leaving surviving him as his heirs at law his widow, Mary Donovan, appellee, and three brothers and one sister, the appellants. At the time of his demise John Donovan was the owner of a quarter section of land upon which he and his wife resided as their homestead. This property was incumbered for about $14,000, and in addition thereto claims had been allowed in the county court against said estate of approximately $1,300. There was no other property out of which the debts could be paid, so that it was neces-

sary that the homestead property be sold for that purpose.

Confronted by this situation, the heirs at law agreed among themselves that it would be better for all concerned to sell the property at private sale, if a satisfactory price could be obtained, and, in furtherance of the understanding, Mary Donovan entered into a contract to sell the property, which was approved by the appellants; they signing, at the bottom of the contract, a statement as follows: "We agree to the above and will join in a deed with Mary Donovan for this farm upon receiving our share of the purchase price." The deed was executed and the money paid to the defendant bank as a stakeholder for distribution among the heirs at law.

Under the provisions of the homestead act, in force at the time of the demise of John Donovan (Rev. St. 1913, sec. 3092), the widow, as against the rights of the heirs at law, is entitled to a life estate in the homestead, and when, as in this case, the homestead is sold to pay debts, the widow's right follows the proceeds of the sale and she is entitled to receive the income, during life, of the proceeds of the sale.

Under the provisions of section 1265, Rev. St. 1913, the widow is an heir at law, and, under the facts of this case, is entitled as an heir at law to receive one-half of the real estate, and the brothers and sister the remaining one-half, share and share alike, subject to the homestead right of the widow. The homestead being reduced to money, the fund must be distributed in accordance with the law affecting homestead rights.

Applying these principles to the case before us, in the distribution of this fund there should be first set off to the widow the present worth of the income of the proceeds of the sale, based upon her life expectancy and upon a fair rate of interest at the time. Of the remaining sum, one-half should be paid to the widow as an heir at law and the remaining one-half to the brothers and sister, the appellants, share and share alike.

It is contended on behalf of the appellants that, at the time of the agreement between the heirs at law to sell the property at private sale, it was also agreed that the proceeds of the sale should be divided one-half to the widow and one-half to the appellants. Upon this question there is a direct dispute in the testimony between the appellants and the appellee. The appellee's testimony is to the effect that the proceeds of the sale were to be divided, but she denies that the agreement was that the proceeds should be divided one-half to her and one-half to the brothers and sister of deceased. If the agreement between the parties went no further than that the proceeds of the sale should be "divided," it would mean, of course, divided in accordance with the terms of the law. The burden of proof was upon the appellants to establish that the agreement was in the terms claimed by them, and, while the greater number of witnesses have testified in support of the appellants' version of the agreement, we have taken the view that appellants have not established their contention by a preponderance of the testimony.

There would be no consideration for appellee relinquishing such a substantial right, and, while lack of consideration is not specially pleaded, still it is proper to be considered in determining the probability of appellee entering into such a contract as claimed by the appellants. Besides, when appellants signed the contract of sale, they signed a statement on the contract, in which they stated they would sign the deed "upon receiving our share of the purchase price." In the absence of explanation, this would imply their share under the law. Other circumstances in the record tend to corroborate appellee.

The trial court distributed the fund in accordance with the rule above announced. The decree is supported by the evidence.

AFFIRMED.

ROSE and FLANSBURG, JJ., not sitting.