BRIDGEPORT TRUST COMPANY, ADMINISTRATOR C. T. A., *vs.* SPOTTSWOOD PARKER ET ALS.

Third Judicial District, New Haven, January Term, 1922.
WHEELER, C. J., BEACH, GAGER, BURPEE and KEELER, Js.

A testator who died in 1882, by the second clause of his will gave his homestead, furniture and all appliances to his wife for life with remainder to his son Alfred for life, "and after his death to his heirs forever." By the third clause he gave to his wife the use of $13,000 for her life, remainder to his son Alfred for life, "and at his death the same to go to his heirs forever." After other gifts, not now material, he gave all the rest and residue of his estate, "both real and personal," to be divided equally between his wife and his son Alfred. His wife survived the testator, outlived Alfred, his wife and three sons, and died in 1920, having meanwhile had the use and possession of the aforementioned property. In a suit to determine the validity and construction of the will it was *held*:—

1. That the attempted disposition of the property to "the heirs" of Alfred upon the determination of his life estate, was void under our statute against perpetuities which was in force in 1882 and until its repeal in 1895.

2. That the personal property embraced in such attempted but void disposition, passed to the legatees named in the residuary clause of the will; while the realty became intestate estate and was to be distributed accordingly.

A testator will not be held to have meant "children " by the use of the word "heirs," unless such an intent can reasonably be inferred from the will itself and the circumstances attending its execution.

In the present case certain of the parties contended that "heirs " meant "children," and had been so used by the testator in another part of his will. *Held* that although the testator in the portion of the will referred to, might have intended "issue," by the use of the word "heirs," it could not reasonably be inferred that he intended "children."

Words used more than once in the same instrument are prima facie used in the same sense.

It is only where two constructions are equally consistent with the probable intent of the testator, that the one is to be adopted which will validate rather than defeat a testamentary gift.

The distinction long ago made between the disposition of a lapsed legacy and a lapsed devise, has hardened into a rule of property, which this court reluctantly feels obliged to follow.

Argued January 18th—decided February 21st, 1922.

SUIT to determine the validity and construction of portions of the will of Sylvester Blakeman of Stratford, deceased, brought to the Superior Court in Fairfield County and reserved by that court, *Haines, J.,* for the advice of this court.

Sylvester Blakeman died March 30th, 1882, leaving a will by the second clause of which he gave to his widow, who survived him, his homestead, furniture and all appliances for life, with, remainder to his son Alfred, who also survived him, for life, "and after his death to his heirs forever." By the third paragraph of his will he gave to his wife the use of $13,000 for life, remainder to his son Alfred for life, "and at his death, the same to go to his heirs forever." By the ninth paragraph of his will he gave all the rest and residue of his estate, "both real and personal," to be divided equally between his widow Caroline and his son Alfred. The testator left him surviving his widow Caroline,

his son Alfred and wife, and their three sons, all of whom resided in Connecticut. After the testator's death Alfred and his family became domiciled in Virginia. In 1891 one of Alfred's sons died intestate, leaving his father as the sole distributee of his estate under the laws of Virginia. Alfred died in 1898, leaving his entire estate to his widow who survived him. In 1900 a second son of Alfred died intestate and without issue, leaving his mother and his surviving brother Robert as distributees of his estate, share and share alike. In 1908 Robert died testate, leaving his entire estate, with some exceptions, to his widow. In 1913 the widow of Alfred, who in the meantime had remarried, died testate leaving the residue of her estate to her brother Robert W. Curtiss of Fairfield, Connecticut, and her stepson, Spottswood Parker, as tenants in common. Finally, the widow of the testator died in 1920, having had the use and possession of the property described in paragraphs two and three of the will since the testator's death in 1882.

The defendants Claudia Grimsley, surviving widow of Robert Blakeman, individually and as executrix of the estate of Robert, and the Bridgeport Trust Company, administrator *d. b. n.* of the estates of the other two deceased grandchildren of the testator, claimed that the remainders to the heirs of Alfred Blakeman in paragraphs two and three of the will were valid, notwithstanding the Connecticut statute of perpetuities which was in force at the testator's death.

The defendants E. H. Judson, as administrator of the estate of Alfred Blakeman, Robert W. Curtiss, and Spottswood Parker, individually and as executor of the estate of his stepmother, the widow of Robert Blakeman, claimed that the remainder to the heirs of Alfred Blakeman in paragraphs two and three were

invalid; that the real estate devised in paragraph two became intestate estate after the death of both life tenants, and that the personal estate, described in . paragraphs two and three, thereupon passed into the residue of the testator's estate and was disposed of by paragraph nine.

The defendant the Bridgeport Trust Company, as executor of the will of the testator's widow Caroline, also claimed that the remainders in paragraphs two and three, to the heirs of Alfred, were void, but claimed that the real estate as well as the personal estate described in paragraphs two and three became residuary estate of the testator upon the death of both life tenants.

*Joseph D. Brady*, for the plaintiff.

*Sanford Stoddard*, for Claudia D. Grimsley, executrix, *et al.*

*Vincent L. Keating*, for Spottswood Parker *et al.*

*Samuel F. Beardsley*, for the estate of Caroline M. Blakeman.

BEACH, J. It is conceded that the remainders to the "heirs" of Alfred in paragraphs two and three of the testator's will must be held void because obnoxious to the statute of perpetuities in force when the testator died, unless it can reasonably be inferred from the will and from the circumstances under which it was executed, that the testator intended to use that word in the limited sense of "children." The defendants who represent the children of Alfred, and the widow of one of them, claim that this intent of the testator is indicated in the eleventh paragraph of his will, the material part of which reads as follows: "At my

death should my son Alfred A. Blakeman be dead and all of his heirs be dead it is my will that the whole of the estate be left at the disposal of my wife Caroline M. Blakeman. . . ." It must be admitted that the testator did not use the word "heirs" in this paragraph, either in its primary significance or as meaning those who might take Alfred's estate under our statute of distribution; for Caroline, being the mother of Alfred, is herself included in both of these classes. In order to give any sensible interpretation to the eleventh clause of the will, it is necessary to assume that the testator used the word heirs in that clause either as meaning "issue," or in the still more restricted sense of "children." Words used more than once in the same instrument are prima facie used in the same sense; and so it is said that the word "heirs" in paragraphs two and three must also be understood as meaning either issue or children; and as between two constructions one of which will defeat the gifts and the other validate them, the latter should be adopted.

That is true as between two constructions equally consistent with the probable intent of the testator; but the intent of the testator as manifested in the will must control, and we think it is impossible to discover any intent on the part of the testator to limit these remainders to the children of Alfred and to exclude the representatives of a deceased child of Alfred. In the absence of any discoverable intent to so limit the word "heirs," it must be supposed to have been used by the testator in the larger sense of "issue," not only because that is the meaning which remains after eliminating its possible significations of heirs at law and distributees, but also because it is more probable than otherwise that a testator situated as was the decedent, should have intended the remainder to the heirs of his son Alfred to include not only surviving

children but also representatives of any deceased children. If we suppose, for example, that none of Alfred's children had survived him, but that one of his sons had left issue him surviving, and if no question of the statute of perpetuities arose, it would be impossible to limit the word heirs so as to exclude such issue. We must therefore hold that the attempted remainders to the heirs of Alfred in paragraphs two and three of the will are void.

That being so, it is conceded that the personal estate described in paragraphs two and three, being property not otherwise disposed of by the will, passes to the residuary legatees under paragraph nine. *Hartford Trust Co.* v. *Wolcott*, 85 Conn. 134, 139, 81 Atl. 1057; *Bristol* v. *Bristol*, 53 Conn. 242, 255, 5 Atl. 687; *Bartlett* v. *Sears*, 81 Conn. 34, 47, 70 Atl. 33.

The final question is whether the remainder interest in the real estate described in paragraph two also passes to the residuary legatees, or whether it becomes intestate estate. At the common law the personalty described in a lapsed bequest passed under a general residuary clause, but the realty described in a lapsed devise became intestate estate and descended to the heir. That distinction has been adopted in this State. *Greene* v. *Dennis*, 6 Conn. 293, 305; *Brewster* v. *McCall's Devisees*, 15 Conn. 274, 298; *Remington* v. *American Bible Soc.*, 44 Conn. 512, 514. In *Giddings* v. *Giddings*, 65 Conn. 149, 159, 32 Atl. 334, it is intimated that if the question were a new one in this State it might be difficult to give any reason for such a distinction; and it must be admitted that so far as any discoverable intention of the testator is concerned, it is hard to discriminate between the effect of this residuary clause—which expressly includes both real and personal estate—upon the realty and personalty described in paragraph two of the will and disposed of by the

same words of gift. Nevertheless it appears to us that the rule announced in the cases cited has become a rule of property by which we must abide.

The Superior Court is advised that the remainders to the heirs of Alfred in paragraphs two and three of the will are void, that the remainder interest in the personal estate described therein passes under the residuary clause of the will, and that the remainder interest in the realty described in paragraph two is intestate estate of Sylvester Blakeman and is to be distributed accordingly.

In this opinion the other judges concurred.