MOORE et al. v. LINCOLN HOSPITAL ASS'N OF LINCOLN, NEB., et al. (three cases).

BYERLY v. LINCOLN HOSPITAL ASS'N et al.

(Circuit Court of Appeals, Eighth Circuit. May 4, 1925.)

Nos. 6779–6782.

1. **Wills** ⊂⇒858(2)—Under Nebraska statute lapsed devise falls under general residuary clause.

Comp. St. Neb. 1922, §§ 1242, 1243, providing that every devise of land shall be construed to convey all the estate of the devisor therein which he could lawfully devise, unless it clearly appears from the will that he intended to devise a less estate, and that any right or estate acquired after making the will shall pass thereby, if such shall appear to have been testator's intention, have the effect of abolishing the old common-law rule that the title to a lapsed devise descends to the heirs and does not fall under a general residuary clause.

2. **Wills** ⊂⇒801—Renunciation by widow does not render the will inoperative further than absolutely necessary.

Under the law of Nebraska, renunciation of a will by the widow, and her election to take under the statute of descent and distribution will not be allowed to break the testamentary plan further than is absolutely necessary.

3. **Wills** ⊂⇒802(3) — Renounced devises pass under residuary clause.

A renounced devise is subject to the same rule as a lapsed devise, and passes under the residuary clause unless it clearly appears from the will that such was not the intention of the devisor.

4. **Wills** ⊂⇒859—Lapsed devise and lapsed legacy subject to same rule, and pass under general residuary clause.

Under the modern rule which places devises of real estate and bequests of personal property on substantially the same footing, so that lapsed devises, like lapsed legacies, fall into the residuum, the application of such rule is excluded only where the residuary clause is partial and not general, as where it is limited to the residue of a certain fund or property.

Appeal from the District Court of the United States for the District of Nebraska; Thomas C. Munger, Judge.

In Equity. Suits by William E. Moore and others, Pinkie E. Moore and others, John H. Moore and others, and Lawrence Moore Byerly, against the Lincoln Hospital Association of Lincoln, Neb., and others. Decrees for defendant, and complainants appeal. Affirmed.

Claude C. Flansburg, of Lincoln, Neb., for appellants William E. Moore, Pinkie E. Moore, and John H. Moore and others.

Henry H. Wilson, of Lincoln, Neb. (Elmer J. Burkett, Elmer W. Brown, and Ralph P. Wilson, all of Lincoln, Neb., on the brief), for appellant Byerly

C. Petrus Peterson, of Lincoln, Neb., for appellee Lincoln Hospital Ass'n.

Jacob Fawcett, of Lincoln, Neb., for appellee Emily J. Moore.

Before SANBORN, Circuit Judge, and POLLOCK and SYMES, District Judges.

WALTER H. SANBORN, Circuit Judge, delivered the opinion of the Court.

Mr. Robert E. Moore, a resident and citizen of Nebraska, and the owner of a large amount of valuable real and personal property, died testate on December 6, 1921, leaving many heirs at law. His will, by which he devised and bequeathed all his property, was duly probated in the state of Nebraska on January 27, 1922. By that will he devised and bequeathed to his widow, Mrs. Emily J. Moore, one-half of his estate in value, and made a request to her to take as part of her half specific real property at the valuations stated in the will. In addition to the half of his estate he bequeathed to her all his tangible, visible personal property. Out of the remaining half of his estate he bequeathed many legacies, and then made this further devise and bequest, on conditions not material here:

"Fourth, after and subject to the payment in full of all of the foregoing devises and bequests, I give, devise and bequeath to the Lincoln City Hospital Association, of Lincoln, Nebraska, one hundred thousand dollars for the purpose of erecting a hospital building in said city to be known as the Emily J. Moore Hospital Building. * * *

"Subject to the same conditions in all respects, as far as applicable, I give, devise and bequeath to said Lincoln Hospital Association all the rest, remainder and residue of my estate, to be held in perpetuity as a fund to be loaned and invested to assist in the support and maintenance of said hospital, the income of such fund to be used only for that purpose."

Sections 1226 and 1227 of the Compiled Statutes of Nebraska 1922, gave Mrs. Moore the option to take the property devised and bequeathed to her under this will or the title and estate in the property of the decedent provided for her by the statutes of descent and distribution of the state of Nebraska. That title and interest was one-half of the real property and one-half of the personal property of the decedent at the time of his death. She renounced the provision made for her by the will and took half of the estate. The property devised by the will is in process of administration by the executor. All the debts, legacies, and expenses have been paid, and there remains real estate worth about $500,000. The heirs at law of the decedent claimed that upon renunciation by Mrs. Moore of her rights under the will the title to the one-half of this real estate which was devised to her descended to and vested in them. The hospital association insists that the title to that one-half vested in it under the residuary clause in the will. One of the heirs set forth in his petition in equity to the court below against the hospital association, the executor of the will and some of the other heirs, the facts which condition the proper consideration of this controversy, and prayed for a construction of the will by the court. The other heirs by answers, cross bills and petition in intervention presented their respective claims to that court. There was a final hearing upon briefs and arguments on motion of the hospital association to dismiss the petitions, the cross-petitions, and the intervening petition of the heirs, on the ground that they failed to disclose any equity in the claims of the heirs to the property in controversy. The court below granted the motions, and the heirs have appealed.

[1] Counsel for the heirs complain because the court below did not hold and decree that the title to the real estate here in controversy descended to and vested in them, and they rest their complaint upon these propositions: (1) By the common law of England a devise of real estate spoke as of the time of making it, and a bequest of personal property as of the time of the death of the testator. In case a devise was void ab initio or by the death of the devisee or otherwise became void before the death of the testator, the real estate descended to the heirs and did not fall under the general residuary clause of the will; (2) the common law of England on this subject still governs in Nebraska; (3) while certain statutes on this subject have been enacted in that state, they have not abolished or substantially modified this rule of property; (4) where a devise of specific property is made and the devise fails, that property does not fall under a general residuary clause of the will but descends to the heirs; (5) a devise or bequest by a husband to his wife, renounced by her after his death pursuant to the statutes of Nebraska, is a lapsed or void devise or bequest; and (6) the cardinal rule for the interpretation of a will is the intent of the testator deduced

from the will itself. The first and the sixth of these propositions are conceded.

But the rule stated in the first proposition was modified in England by sections 3, 24, and 25 of the Victorian Wills Act of 1837, 1 Vict. p. ——, which provided in section 3 that it should be lawful to devise and bequeath all real estate and personal property which the testator should be entitled to at the time of his death; in section 24, "that every will shall be construed with reference to the real estate and personal estate comprised in it to speak and take effect as if it had been executed immediately before the death of the testator, unless a contrary intention shall appear in the will"; and in section 25 that, unless a contrary intention appeared, lapsed devises should be included in the residuary clause, if any, in the will. The statute which put the common law in force in Nebraska was enacted in 1866, and it reads: "So much of the common law of England as is applicable and not inconsistent with the Constitution of the United States, with the organic law of this state, or with any law passed or to be passed by the Legislature [thereof], is adopted and declared to be law" within this state. Compiled Statutes of Nebraska 1922, § 3085.

In the year 1873 the Legislature of Nebraska enacted these statutes:

"Every devise of land in any will hereafter made, shall be construed to convey all the estate of the devisor therein, which he could lawfully devise, unless it shall clearly appear by the will, that the devisor intended to convey a less estate." Compiled Statutes of Nebraska 1922, § 1242.

"Any estate, right, or interest acquired by the testator after the making of his will shall pass thereby in like manner as if possessed at the time of making the will, if such shall manifestly appear by the will to have been the intention of the testator." Compiled Statutes of Nebraska 1922, § 1243.

[2] These sections of the Nebraska statute seem clearly to indicate the purpose of its Legislature to abolish the old common-law rule that the title to the lapsed devise of real estate descended to the heirs and did not fall under the general residuary clause of a will, and as early as 1917, more than three years before the last codicil of Mr. Moore's will was executed, the Supreme Court of that state declared, "The law is well settled that the renunciation of a will by a widow will not be allowed to break the testamentary plan further than is absolutely necessary"; and quoted from the opinion of the Supreme Court of Kansas in Pittman v. Pittman, 81

Kan. 643, 107 P. 235, 27 L. R. A. (N. S.) 602, this excerpt: "Where a widow, without regard to the provisions of the will of her deceased husband, elects to take under the law of descents and distributions, such election does not render the will inoperative. As between other persons the will will be enforced as near in accordance with the intention of the testator as it can be." In re Estate of Grobe, 101 Neb. 786, 791, 165 N. W. 252.

Notwithstanding these statutes and decisions, counsel for the heirs have cited in support of their contention that under the widow's renunciation in this case the real estate here in controversy descended to them, and we have examined the following authorities: Greene v. Dennis, 6 Conn. 293, 16 Am. Dec. 58; James v. James, 4 Paige (N. Y.) 115; Gordon v. Perry, 98 Miss. 893, 54 So. 445; Van Kleeck v. Reformed Dutch Church, 6 Paige (N. Y.) 600; Morris v. Henderson, 37 Miss. 492; Yard v. Murray, 86 Pa. 113; Massey's Appeal, 88 Pa. 470; Coleman v. Jackson (Tex. Civ. App.) 126 S. W. 1178; Castleman v. Eastin, 176 Ky. 762, 197 S. W. 445; Belleville Savings Bank v. Aneshaensel, 298 Ill. 292, 131 N. E. 682; Johnson v. Holifield, 82 Ala. 123, 2 So. 753; Dorsey v. Dodson, 203 Ill. 32, 67 N. E. 395; Crawford v. Mound Grove, 218 Ill. 399, 75 N. E. 998; Trinity M. E. Church v. Baker, 91 Md. 539, 46 A. 1020; Bridgeport Trust Co. v. Parker, 97 Conn. 245, 116 A. 182; In re Gray's Estate, 147 Pa. St. 67, 23 A. 205; Aitken v. Sharp, Ex'r, 93 N. J. Eq. 336, 115 A. 912; Boal v. Metropolitan Museum of Art (C. C. A.) 298 F. 894, 910; Holton v. Jones, 133 N. C. 399, 45 S. E. 765; Rizer v. Perry, 58 Md. 112; Tillson v. Holloway, 90 Nebr. 481, 485, 134 N. W. 232, Ann. Cas. 1913B, 78.

These authorities have been examined, but none of these cases arose because of a renunciation by a widow of her rights under à will and an election under a statute to take her rights under the statutes of descent and distribution in lieu thereof, except James v. James, 4 Paige (N. Y.) 115, and Gordon v. Perry, 98 Miss. 893, 54 So. 445, and most of them arose in states in which the old common-law distinction between the effect of devises of real estate and bequests of personal property was still maintained.

On the other hand, the Supreme Judicial Court of Massachusetts held, as early as 1864, that the statutes of that state which placed devises of real estate and legacies of personal property on substantially the same footing as to the extent of the power to devise and the formalities required in the exe-

cution of testamentary instruments, removed "the distinction between real and personal estate, so that now the legacies and devises pass to the residuary devisee." Thayer v. Wellington, 9 Allen (91 Mass.) 283, 296, 85 Am. Dec. 753; Prescott v. Prescott, 7 Metc. 141, 146. The statutes of Massachusetts which wrought this change may be found in the General Laws of Massachusetts 1921, p. 2146, and they read:

"Sec. 18. A devise shall convey all the estate which the testator could lawfully devise in the land mentioned, unless it clearly appears by the will that he intended to convey a less estate.

"Sec. 19. An estate, right or interest in land acquired by a testator after the making of his will shall pass thereby in like manner as if possessed by him at the time when he made his will, unless a different intention manifestly and clearly appears by the will."

[3] A comparison of these sections with sections 1242 and 1243 of the statutes of Nebraska discloses the fact that in purpose and legal effect they are identical. This rule of reason for the construction of lapsed devises of real estate in wills containing residuary clauses, declared by the Legislature of Massachusetts and established by the decisions of the Supreme Judicial Court of that state in 1864, has since been followed in the overwhelming majority of the states of the Union, either by the enactment of statutes, or by the decision of their highest judicial tribunals, and the state of Nebraska is one of this majority. Boal v. Metropolitan Museum of Art (C. C. A.) 298 F. 894, 910; In re Spier's Estate, 224 Mich. 658, 195 N. W. 430; Kirkpatrick v. Kirkpatrick, 42 Kan. 314, 211 P. 146; Cruikshank v. Home for Friendless, 113 N. Y. 337, 21 N. E. 64, 4 L. R. A. 140; Holbrook v. McCleary, 79 Ind. 167; Drew v. Wakefield, 54 Me. 291; Reeves v. Reeves, 5 Lea (73 Tenn.) 644, 655; Galloway v. Darby, 105 Ark. 558, 151 S. W. 1014, 44 L. R. A. (N. S.) 782, Ann. Cas. 1914D, 712; Smith v. Curtis, 29 N. J. L. 345; Molineaux v. Raynolds, 55 N. J. Eq. 187, 36 A. 276; Gillilan v. Gillilan, 278 Mo. 99, 212 S. W. 348; Davis v. Davis, 62 Ohio St. 411, 57 N. E. 317, 78 Am. St. Rep. 725; Eckford v. Eckford (Iowa) 53 N. W 345; Dunn v. Kearney, 288 Ill. 49, 123 N. E. 105; In re Jordan's Estate, 126 Wash. 609, 219 P. 2; Tillson v. Holloway, 90 Neb. 481, 482, 134 N. W 232, Ann. Cas. 1913B, 78; In re Estate of Grobe, 101 Neb. 786, 791, 165 N. W. 252; Marble v. City of Tecumseh, 105 Neb. 594, 595, 181 N. W. 528. And our conclusion is that the second and third proposi-

tions for which counsel for the heirs contend cannot be sustained, but that on the other hand the rational and general rule in the United States and in the state of Nebraska for the construction and disposition of devises of real estate which have lapsed before the death of the testator or which have been subsequently renounced by the election of the widow after his death under a statute is that the real estate thus devised does not descend to the heirs, but falls into the residuum, and passes under the residuary clause in the will, if any, unless the fact clearly appears from the will that such was not the intention of the devisor. If such a renounced devise is not a lapsed devise, and in our opinion it is not (Dunshee v. Dunshee, 251 Ill. 405, 96 N. E. 298, 299; Lewis v. Sedgwick, 223 Ill. 213, 79 N. E. 14, 16; In re Estate of Grobe, 101 Neb. 786, 788, 789, 791, 165 N. W. 252), it is nevertheless subject to the same rule (Hayden v. Stoughton, 5 Pick. [Mass.] 528, 534, 538, 539, 540; Clapp v. Stoughton, 10 Pick. 462, 464, 467; Brigham v. Shattuck, 10 Pick. 305, 308, 309; In re High's Estate; 136 Pa. 222, 20 A. 421, 422; Hill v. Hill, 149 Ga. 741, 102 S. E. 151, 152, 153, 155, 156, 10 A. L. R. 1514).

[4] We turn to the fourth proposition of counsel for the heirs, which they state in these words: "While the general rule is that a lapsed legacy of chattels passes under a general residuary bequest, that rule does not apply where the residuary bequest is of a particular fund or description of property, or other certain and definite residuum"; and they argue that under this alleged exception to the general rule the heirs in this case are entitled to the real estate here in controversy, and they cite authorities which they claim support this position. But the limitation which will so restrict a residuary clause must be in that clause itself read in the light of the entire will, not in the description, character, or source of the residuum. The residuary clause must be partial, not general, or there is no such limitation. And the residuary clause in the will of the decedent has no such limitation or restriction and is not partial. It is general and is of "all the rest, remainder and residue of my estate." Counsel for the heirs cite and quote at considerable length from the opinion of the Vice Chancellor in the leading case of King v. Woodhull, 3 Edw. Ch. N. Y. 79, and that case well states and illustrates the true rule upon this subject. The testator there by his will bequeathed $1,000 for the use of his unfortunate son, to be used by his executors in their discretion during the son's life, and so much of that

sum as they should not use he bequeathed to the Foreign Mission School. He then made a bequest to the American Home Missionary Society of $1,000, and this residuary bequest: "And the residue and remainder of my estate, after the payment of the said one thousand dollars to. the said missionary society, if any there shall be, I give and bequeath to the children of my niece, Eliza King, to be equally divided between them." The unfortunate son 'died before the executors appropriated the $1,000 bequeathed for his benefit, and the bequest to the Foreign Mission School lapsed because there was no such school, and the residuary legatees claimed the amount of these bequests. The Vice Chancellor, in an opinion upon this subject, said:

"And as a general rule, with respect to residuary bequests of personal estate, a residuary legatee is entitled not only to what remains after the payment of debts and legacies, but also to whatever may by lapse, invalid disposition or any casualty, after the making of the will, fall into the residue. 2 Roper on Leg. 453; James v. James, 4 Paige 117. To entitle a residuary legatee to the benefit of a lapsed or void bequest, however, he must be a legatee of the residue generally, and not partially so; for, where it is manifest, from the express words of the will, that a gift of the residue is confined to the residue of a particular fund or description of property, or to some certain residuum, he will be restricted to what is thus particularly given, since a legatee cannot take more than is fairly within the scope of the gift. But to exclude what may fall by lapse or invalid disposition, from the gift of the residue, as it may be supposed that the testator did not intend to die intestate as to any portion of his property, when he set about making a will, and is supposed to exclude the residuary legatee only for the sake of the particular legatee, the law requires that he should use very special words, clearly limiting the gift of the residue, and showing in express terms, an intention to exclude such portion of his estate as may fail to pass under previous clauses of the will, in order to take it out of the general rule above stated."

Under the modern rule for the construction of wills, as we have seen, devises of real estate are governed by the same rules of interpretation as bequests of personal property. In the light of the principles of equity and the rules of law which have now been considered, the intention of the decedent has been sought by study of, and reflection upon,

the entire will of Mr. Moore and the circumstances under which it was executed. It was made in July, 1912; by it he devised and bequeathed all his estate, and the residuary clause was in that will in the same words in which it was found after he died in December, 1921. He subsequently made codicils to that will on September 18, 1916, on December 8, 1916, on June 12, 1919, and on June 1, 1921, but he never changed the residuary clause therein. The fact that by the terms of his will he devised and bequeathed all his property and left nothing to descend to his· heirs, and that he adhered to his purpose so to do until his death, leaves no doubt that he never intended that any of his estate should descend to any of his heirs. The residuary clause in his will, when read and considered with all the other terms thereof, is sufficient in law and equity to carry the title and interest in the real property here in controversy to the Lincoln Hospital Association, and our conclusion is that the testator intended that it should have, and that it did have, that effect, and that there was no mistake of fact or error of law in the conclusion of the court below and in its orders of dismissal.

Those orders therefore must be and they are affirmed.