CASSIUS H. MECK, APPELLEE, V. GERTRUDE SARAH WIIG ET AL., APPELLANTS.

FILED OCTOBER 25, 1935. No. 29347.

*Edith Beckman,* for appellants.

*Lower & Sheehan, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

EBERLY, J.

This is an action in partition. The appeal presents for determination the correctness of the action of the trial court in confirming the respective shares of the parties, Cassius H. Meck, Gertrude Sarah Wiig (nee Meck), and Delma Marie Meck, in and to the premises which constituted the homestead of the deceased Mary Meck. Gertrude Sarah Wiig (nee Meck) and Delma Marie Meck appeal.

The facts out of which this controversy arises include the following: Mrs. Mary Meck, the mother of the parties to this litigation, died on October 22, 1915. At the time of her death she was the owner in fee simple of a lot in Omaha, Nebraska, on which her family had then resided for many years, and which constituted the family homestead. Her family at that time, in addition to herself, was comprised of her husband, George S. Meck, and her three children, Cassius H. Meck, Gertrude Sarah Meck, and Delma Marie Meck. See *Shearon v. Goff,* 95 Neb. 417.

After the death of the mother, the son, Cassius H. Meck, his wife joining, quitclaimed his interest in the homestead premises to his father, George S. Meck. Thereafter, George S. Meck died testate, leaving a last will and testament, by the terms of which all of his interest in the homestead was devised to his son, Cassius H. Meck. Based on these facts, the decree of the district court appealed from determines that Cassius H. Meck was the owner of a five-ninths interest in the premises in suit, and that Gertrude Sarah Wiig (nee Meck) and Delma Marie Meck were each the owner of an undivided two-ninths interest therein.

The controlling statutes are:

"If the homestead was selected from the separate property of either husband or wife, it vests on the death of the person from whose property it was selected, in the survivor, for life, and afterwards in decedent's heirs forever, subject to the power of the decedent to dispose of the same, except the life estate of the survivor, by will." Comp. St. 1929, sec. 40-117.

"When any person shall die, leaving a husband or wife surviving, all the real estate of which the deceased was seised of an estate of inheritance at any time during the marriage, or in which the deceased was possessed of an interest either legal or equitable at the time of his or her death, which has not been lawfully conveyed by the husband and wife while residents of this state, or by the deceased while the husband or wife was a nonresident of this state, which has not been sold under execution or judicial sale, and which has not been lawfully devised, shall descend subject to his or her debts and the rights of homestead in the manner following: * * * Second. One-third part to the husband or wife if the survivor is the parent of all the children of the deceased and there be two or more children, or one child and the issue of one or more deceased children surviving." Comp. St. 1929, sec. 30-101.

In construing the two statutory provisions quoted, Morrissey, C. J., in *In re Estate of Grobe*, 101 Neb. 786,

says, in part: "The decedent's statute does not change the homestead statute at all, and these two statutes may be harmonized by holding that the homestead law gives the residuary estate to those persons to whom the law gives property that is not a homestead. The surviving spouse is not an heir under the ancient definition of the term, but takes the property of the deceased spouse whenever the conditions are such that an heir would take. Under section 1265 (now Comp. St. 1929, sec. 30-101), the ancient right of dower is enlarged into a contingent interest in the fee. On the death of the husband the widow becomes the owner, where there are no children, of a half interest in the property that is not a homestead, and because she takes by operation of law, and not strictly as an heir, she is not excluded from taking under the homestead law. There is no inconsistency between the statutes. In the instant case it appears to make no difference whether the widow first takes under the homestead statute or under the inheritance statute. The result is the same regardless of the order in which these statutes are applied. If any difference would result it would seem that the homestead statute ought to be first applied. Under the homestead statute the widow is entitled to the present worth of her life estate in the property, after the debts are paid, and she is entitled to half of the remainder under the inheritance statute."

It follows that, by force of the statutes quoted, upon the death of Mary Meck, intestate, on October 22, 1915, the property in this action passed under the statute of descent, subject to the statutory rights of homestead in the surviving husband, as follows: One-third to the husband, George S. Meck, and two-thirds to the surviving children or two-ninths to each child. Thereafter Cassius H. Meck quitclaimed his undivided two-ninths interest to his father, George S. Meck, who then, subject to the homestead right, was vested with an undivided five-ninths interest in the fee of the premises in suit. On the death of George S. Meck, testate, his last will devised this five-ninths interest to Cassius H. Meck, and constituted him owner in fee

simple of an undivided five-ninths interest in the premises. See, *Donovan v. Bank of Palmyra*, 104 Neb. 652; *In re Estate of Grobe*, 101 Neb. 786; *Whitford v. Kinzel*, 92 Neb. 373.

The decree of the district court appealed from being in harmony with the foregoing facts, it follows that the same is correct, and the judgment entered in the trial court is

AFFIRMED.