Foote *v.* Grand Lodge of Colored Knights of Pythias.

[67 South. 901.]

Insurance. *Life insurance. Right of action.*
  Where insured, an unmarried man, took out an insurance policy in a benevolent order with his mother as the beneficiary and afterwards married and died without changing the beneficiary in the policy, and the order paid the insurance to the mother, the wife of the insured had no cause of action against the order.

Appeal from the chancery court of Warren county. Hon. E. N. Thomas, Chancellor.

Bill by Marguerite Foote against the Grand Lodge of Colored Knights of Pythias. From a decree sustaining a demurrer to the bill, complainant appeals.

The facts are fully stated in the opinion of the court.

*J. H. Short,* for appellant.

We desire only to especially refer to cases cited by appellee. *Grant* v. *Independent Order Sons and Daughters of Jacob,* 52 So. 698, the first case referred to, did not involve the question now at issue. That case simply holds, as shown by its syllabi: "A life policy being valid in its inception, its subsequent assignment by a change of beneficiary to one without an insurable interest was valid, and the second policy issued in effecting the change cannot be held on these facts to be a wagering policy." "By-laws of a fraternal order can never be held retroactive when any reasonable construction otherwise is possible."

"Though a new charter of a fraternal order provided for disposition of a benefit fund as the insured should direct under the laws of the order, and insured stipulated to abide by all by-laws then in force or thereafter to be adopted, by-laws thereafter adopted, prohibiting the naming of a beneficiary not having an insurable interest, were not retroactive, so as to invalidate a prior legal change in favor of such a beneficiary; provisions in the constitution that such by-laws should take effect and be in force on and after a specified, subsequent date, and repealing all laws in conflict therewith, being clearly prospective."

The court finally concluded: "The Constitution and by-laws of 1906 in this case, affected only those members who became such after the adoption of said constitution and by-laws."

It is apparent from a mere cursory examination that the case has no bearing upon the issue under consideration.

The next case cited is *Sheehan* v. *Journeymen Butchers' P. & Benev. Ass'n.,* 76 Pac. 238. This merely construes the power of the association under a local statute. The court said on page 239: "As stated above, section 2 of the Act of 1874 requires the certificate

of incorporation to the state 'the general objects of the association' and the certificate filed by the defendant herein states that one of its purposes is 'to relieve the distress of widows and orphans.' Neither the statute nor the certificate limits the benefits of the association to the widows and orphans of 'deceased members,' as is the case in many of the authorities cited on behalf of the appellants; nor is there any restriction therein upon the corporation in reference to the character of the person who may be nominated by the member as his beneficiary. The limited construction of the contract entered into by the corporation contended for by the appellants is not, therefore, required by these provisions." It is to be noted that in the case at bar, the constitution limits the benefits to the widows and orphans of the deceased members; and, therefore, there in no resemblance between the two cases, so far as the vital principles are concerned.

We again repeat, that if these organizations can legally exist, it is because they are organized for benevolent and charitable purposes, and as they have no right to engage in an unregulated insurance business, their main claim for protection is their avowed purpose to aid the stricken widow and orphans of deceased members.

This organization has, as stated, construed the words, "widows and orphans," in its charter to mean the "widows and orphans of its deceased members," and all of its contracts and policies are based upon such construction of the powers of its charter, and should be rigidly enforced.

In this case, the only widow interested, so far as this record shows, is the widow of the deceased member, and we submit, she is justly entitled to recover this money.

*Powell & Thompson* and *W. J. Latham,* for appellee.

Upon page 12 of the constitution and by-laws of

the Grand Lodge of the Knights of Pythias we find the following: "(A). The Grand Lodge of Colored Knights of Pythias of the state of Mississippi, possessing the power by authority of the Supreme Lodge, of Knights of Pythias of N. S., S. A., A. and A., in accordance with the laws of the order and of the state of Mississippi governing fraternal orders, establishes an endowment branch of the order for the purpose of paying death benefits to the widows and dependent children, or other heirs of deceased members, to be stiled the Endowment Bureau, and to create an Endowment Board for the government thereof as hereinafter provided."

We claim that by virtue of this provision he had a right to take out a policy in favor of his mother as she was his heir at the time the policy was taken out. In other words, we contend that where a policy, when issued, contained the name of an eligible party as beneficiary that no subsequent changes would affect the validity of the policy, insofar as the beneficiary was concerned.

See *Hammond Grant* v. *Ind. Order of the Sons and Daughters of Jacob of America, etc.*, 97 Miss. 182; *Sheehan* v. *Journeymen Butchers Protective and Benevolent Association*, 142 Cal. 489; 1 Bacon on Ben. Soc. (2nd Ed.), p. 595.

Our next contention is that even admitting that the mother of deceased was not an eligible beneficiary at the time the policy was issued, still this is a matter that could only be taken advantage of by the Insurance Company itself and it having paid the money to the beneficiary named in the policy it is protected.

We quote from *Knights of Honor* v. *Watson, et al.*, 15 Atl. 125 as follows: "The facts were that one of the certificates was payable to Mrs. Lamprey. Mrs. Lamprey was not a member of assured's family nor in any way dependent on him. The constitution provided that the benefit could only be made payable to some

member of the assured's family or person dependent on him, etc.  The bill was filed by the society, which paid the money into court, and left the court to decide between the parties.  The court said: 'If the direction, by which the sum of two hundred and fifty dollars was payable to Mrs. Lamprey, was invalid because she was neither a member of the assured's family nor dependent on him, the benefit to that extent lapses, if the society so elects, for want of the valid exercise of the power of direction.  But the question whether it was valid can be raised by no one but the society, and the society does not raise it.  By paying the money into court, the society has expressed its willingness to have it paid to Mrs. Lamprey.' "

*Brown* v. *Mensue*, 64 N. H. 39, Alt. Rep. 768.  Marriage of assured does not make void a valid previous designation of beneficiary.  *Vanerick* v. *Western Bohemian Fraternal Association*, 49 L. R. A. (U. S.) page 41 and notes fully discussing the whole subject.  Payments as directed by the policy relieves from further liability.  2 Bacon on Ben. Soc., sec. 400; vol. 1, page 573; *Taylor* v. *Hair*, 112 Fed. 913; *Bomberger* v. *U. B.* etc. (Pa.), 18 W. N. C. 459, 6 Atl. 41; *Smith* v. *Pinch*, 80 Mich. 352; *Mayers* v. *Schuman*, 57 N. J. 414; *Am. Leg. of Monor* v. *Perry*, 140 Miss. 580; *Daniels* v. *Pratt*, 143 Mass. 216.

The appellants contended that only widows and orphans could be beneficiaries in policies in this order.  If this were true an unmarried man could not insure at all and when the order took the premium from an unmarried man on a policy wherein his mother was beneficiary they would commit a fraud on him at the start; in such case they could not take advantage of their own wrong but would be estopped from setting up this fact.

In this case as the original beneficiary in the policy was eligible at the time when the policy was issued,

or if not eligible, that the company is the only one who can plead this and as the company has paid the beneficiary named in the policy in accordance with its terms, we believe the decree of the chancellor should be affirmed.

REED, J., delivered the opinion of the court.

On March 30, 1909, appellee, a fraternal and benevolent insurance order, issued to M. D. Foote, then an unmarried man, a policy of insurance on his life for the sum of six hundred dollars, payable to his mother, Laura Foote. Thereafter he was married to appellant. The beneficiary in the policy was never changed. When Foote died, it was still payable to his mother. Appellee paid her the full amount of the policy.

Appellant, the widow of Foote, brought this suit in chancery to recover from appellee the amount of insurance on her husband's life, which appellee paid, in accordance with the policy, to the beneficiary named therein, Laura Foote, the mother of the insured. A demurrer to the bill was sustained, from which this appeal was prosecuted.

Appellant claims that the amount should not have been paid to the mother, who was named as beneficiary in the policy, because she was not within the class for whose benefit a member might insure himself in the order, but should be paid her as widow. We do not see how appellant has any standing to claim from appellee the amount of the insurance. She was not named as beneficiary in the policy, and she was not given such right by any law of the land or law of the order. The court did not err in sustaining the demurrer.

*Affirmed.*