OLD LADIES HOME *v.* COOPER.

In Banc. May 9, 1949.

(40 So. (2d) 268)

Green & Green, for appellant.

**Holcomb & Curtis,** for appellee.

**Montgomery, J.**

Joe S. Cooper filed his bill of complaint in the Chancery Court of Coahoma County alleging ownership of Lots 9, 10, 11, 12, 13, 21, 22, 23 and 24 of the Melrose Place Subdivision to Clarksdale, Mississippi, and praying for the cancellation of the claims of the Old Ladies Home and of Belhaven College as clouds upon his title thereto. Belhaven College did not plead to the bill and a decree pro confesso and final decree were taken against them. There was an answer by the Old Ladies Home and in the answer there was incorporated a demurrer setting up that the bill states no cause of action against the defendant and is wholly without equity and should be dismissed.

There was a hearing upon the demurrer and the demurrer was overruled. The Old Ladies Home made application for an appeal from the decree of the Court overruling its demurrer and the Court allowed an interlocutory appeal in order to settle the controlling principles of law involved in the suit.

Both parties to this controversy are claiming this property from the same common source, which is the will of

Lula W. Cooper, which was executed on the 11th day of October, 1943. Item IV of this will provides:

"I give, devise, and bequeath the following described property, if owned by me at the time of my death, to the following persons, to-wit:

"1  .  .  .  .  .  .  .
"2  .  .  .  .  .  .  .
"3  .  .  .  .  .  .  .
"4  .  .  .  .  .  .  .
"5  .  .  .  .  .  .  .
"6  .  .  .  .  .  .  .
"7  .  .  .  .  .  .  .

"8. To Joe S. Cooper, son of Sam Cooper and grandson of Allen Cooper . . . ; also those 12 lots in Oakridge Subdivision to the City of Clarksdale, County of Coahoma, State of Mississippi, more particularly described as Lots 9, 10, 11, 12, 13, 17, 18, 19, 21, 22, 23, 24, all in Block 3, . . . ".

The Old Ladies Home is claiming as residuary legatee under the provisions of Item XI of the will, which provides as follows:

"All of the remainder of my estate, real, personal, and mixed, not hereinabove specifically bequeathed or devised, or which legacies or devises shall lapse for any reason, I bequeath and devise as follows, an undivided one-third interest to each: To the Old Ladies Home situated at Jackson, Miss.; To Belhaven College, located at Jackson, Miss.; and to Southwestern University, located at Memphis, Tenn."

From the provisions of the original bill and the exhibits it appears that Melrose Place Subdivision is a subdivision of Lots 2 and 3 of Block 3, Oakridge Subdivision in the City of Clarksdale, County of Coahoma, and State of Mississippi. Block 3 of Oakridge Subdivision contains 11 lots numbered from 1 to 11 inclusive. The testatrix at the time of the execution of the will owned 12 lots in Melrose Place Subdivision, which said Melrose Place Subdivision was in Block 3 Oakridge Subdivision.

Testatrix at the time of the execution of the will owned no other property in Melrose Place Subdivision or in Oakridge Subdivision. Block 3 of Oakridge Subdivision contains Lots 9, 10 and 11 only, which correspond to the numerals of the lots mentioned in the will and these said Lots 9, 10 and 11 of Block 3 of the Oakridge Subdivision were not owned by Lula W. Cooper at the time of the execution of the will or prior or subsequent thereto. She did own Lots 9, 10, 11, 12, 13, 17, 18, 19, 21, 22, 23 and 24 (12 Lots) in Melrose Place Subdivision in Block 3 of Oakridge Subdivision.

It will be seen that the question presented for decision here is one involving the construction of the will of Lula W. Cooper.

It is true as held in Barner et al v. Lehr et al., 190 Miss. 77, 199 So. 273, that ■■ ■ where the owner of several lots devises one of them by an accurate description, parol evidence is incompetent to show that he intended to devise a different lot and that by mistake the wrong lot was described; and ■■ ■ where a will disposes of property by definite description, parol evidence is not admissible to contradict or vary the description. It is also true as held therein that ■■ ■ in all cases where there is error in one part of a description in a will it can be construed only by resorting to another part of the will to show such mistake or to furnish a definite clew which makes the meaning clear. However, it is equally true, as held in Countiss v. King, 149 Miss. 70, 115 So. 109, that ■■■ where the will is so worded as to show testator's intention to pass his lands in a given plat or section and the like, the description of a particular lot, quarter section and that the like may be rejected as erroneous.

When we take the description of the property devised to Joe S. Cooper set out in the foregoing part of this opinion and eliminate "more particularly described as Lots 9, 10, 11, 12, 13, 17, 18, 19, 21, 22, 23, 24", we have left as the language of the will the following: "To Joe S. Cooper, son of Sam Cooper and grandson of Allen

Cooper . . . ; also those 12 lots in Oakridge Subdivision to the City of Clarksdale, County of Coahoma, State of Mississippi, all in Block 3.''

In the case of Chrisman v. Magee, 108 Miss. 550, 67 So. 49, 901, the testator owned the SW¼ of NW¼ of Section 31, Township 22, Range 5 West in Bolivar County, Mississippi. Under the provisions of his will he devised the SW¼ of NE¼ to his son J. J. Chrisman. The Court held that when the erroneous language of ''SW¼ of NE¼'' is stricken from the will there remains a sufficient description to identify the lands devised and that after striking out the part mentioned the will then will show that the testator devised to his son land in Section 31, Township 22, Range 5 West in Bolivar County, Mississippi. The agreed statement of facts in that case contained the information that the testator only owned one-quarter of one-quarter, or forty acres, in that Section, and that parcel owned was the SW¼ of the NW¼ of that Section. The Court there held that after discarding the erroneous part of the description there was sufficient left to identify the land so far as to enable it to pass by the will, and that after a consideration of the case in the light of the circumstances surrounding the testator at the time he made his will it was his intention that his forty acres of land should go to his son, the appellant.

When the erroneous part of the description is stricken from the language of Item IV of the will there is shown an intention on the part of the testatrix to convey the twelve lots in Block 3, Oakridge Subdivision to the City of Clarksdale, County of Coahoma, State of Mississippi, to Joe S. Cooper and after discarding this erroneous part of the description it appears to us that sufficient remains to identify the lots in Block 3, Oakridge Subdivision, so as to enable them to pass by the will. It is also apparent to us in the light of all the bill's allegations of the circumstances surrounding the testatrix at the time she made her will that it was her inten-

tion that the 12 lots owned by her in Block 3, Oakridge Subdivision of the City of Clarksdale, County of Coahoma, State of Mississippi, should go to Joe S. Cooper, the appellee. We, therefore, hold that the bill does state a cause of action in equity and that the court below was correct in overruling the demurrer of the appellant thereto.

The cause will be affirmed and remanded for further proceedings in the lower court in accordance with this opinion.

Affirmed and remanded.